### FINK et al. v. WHITE et al.
### No. 10861.

Court of Civil Appeals of Texas. Galveston.
Oct. 12, 1939.

Rehearing Denied Nov. 16, 1939.

Roy L. Arterbury and Escar R. Wren, both of Houston, for appellants.

Kemper, Hicks & Cramer, of Houston (John G. Cramer, of Houston, of counsel), for appellees.

CODY, Justice.

This was an action of trespass to try title to lots 3, 4, 5 and 6, in Block 65, in Goose Creek, Harris County, brought by appellants against appellees. Appellees answered with a general demurrer, a general denial, a plea of not guilty, certain pleas of limitations, and with an offer to pay appellants such sums as the court might find appellees ought, in equity, to pay.

It was stipulated at the trial that the parties claimed under a common source of title, and that appellee Mrs. White had title to the lots unless it had been divested out of her and vested in L. Fink (appellants' ancestor) by a certain tax judgment (for taxes due for the year 1928 in the sum of $23.74); order of sale issuing thereunder; sheriff's return thereon; and tax deed.

It was further expressly stipulated that the contention of appellee Mrs. White was that the judgment and order of sale expressly directed the sale of each of the four lots of land to be sold separately, but that instead of doing so, the sheriff disregarded such command, and attempted to sell the lots collectively, and thereby acted without the court's authority, and that such sale, being an involuntary one, and not being supported by the judgment or order of sale, was a mere nullity.

The case was tried without a jury. The only evidence introduced was the stipulation of the parties, a part of which is above referred to, and a copy of the tax judgment, order of sale, sheriff's return, and tax deed. The court rendered judgment against appellants, and in favor of appellee Mrs. White, for the title and possession of the lots, but rendered judgment against Mrs. White, and for appellants on Mrs. White's tender, for the sum of $53.-93, which was the sum bid and paid by L. Fink for the lots at their sale, together with interest thereon at the rate of 6% per annum from the date the same was so paid. In response to appellants' request the court filed findings of fact and conclusions of law, which, in part, were as follows:

"III. With reference to the said tax deed to the said L. Fink, dated June 3, 1930,

under which the plaintiffs herein claim title, I find the following:

"(a) That on March 20, 1930, in cause No. 168,777 pending in the 61st Judicial District Court of Harris County, Texas, the State of Texas recovered a judgment against the defendant, Mrs. Linda White, in the amount of $23.74 for taxes due upon the above described lots for the year 1928, together with all costs of court, said judgment among other things providing:

"'And it is adjudged and decreed that a lien exists against each of said tracts or parcels of land for the amount of the taxes, interest, penalties and costs herein adjudged to be due on the same, which lien is hereby foreclosed as against said defendant on each of said tracts of land; and it is further ordered, adjudged and decreed that in default of payment of this judgment, interest, penalties and costs, an Order of Sale be issued by the Clerk of this Court directed to the Sheriff or any Constable of Harris County, Texas, commanding such officer to seize, levy upon and advertise for sale as under execution each of said tracts of land, and sell the same to the highest bidder for cash as under execution, * * *'. and said judgment further authorized the subdivision of each of said lots or tracts into smaller tracts should the defendant file with the officer making sale a written request therefor.

"(b) I find that on April 29, 1930, an order of sale was issued by O. M. Duclos, Clerk of the District Court of Harris County, Texas, under the above described tax judgment, commanding the sheriff or any constable of Harris County, Texas, to sell the above described lots or tracts of land, such order of sale among other things providing as follows:

"'Therefore, you are hereby commanded that you proceed to seize, levy upon and advertise for sale as under execution each of said above described tracts of land and sell the same to the highest bidder for cash as under execution', said order of sale likewise providing that if the defendant or her attorney at any time before the sale file with the sheriff a written request to divide or subdivide each of said lots or tracts into smaller tracts, together with the description thereof, that the sheriff or constable should sell the land in such subdivisions as the defendant may request.

"(c) I find that the sheriff of Harris County, Texas, disregarded the terms of both the above decree of foreclosure and

the order of sale issued thereunder, and offered for sale in solido all four of the lots or tracts above described, being lots Nos. 3, 4, 5 and 6 in Block No. 65 of the Town of Goose Creek, Harris County, Texas, and sold the four tracts above described, not separately, but as though they constituted one tract, to L. Fink on June 3, 1930, for the sum of $53.93, that being the highest and best bid made therefor, and that said four lots, collectively, were struck off to the said L. Fink, who complied with his bid by paying to the sheriff the sum of $53.93, which was sufficient to pay the judgment, interest, costs, and the cost of said sale, and that thereupon on June 3, 1930, the date of said purported sale, T. A. Binford, Sheriff of Harris County, Texas, did make, execute and deliver to the said L. Fink the sheriff's tax deed above described purporting to convey to the said L. Fink, in consideration of the payment of said sum of $53.93, Lots Nos. 3, 4, 5 and 6 in Block No. 65 of the Town of Goose Creek, Texas, sold for taxes for the year 1928, said sheriff's tax deed being dated June 3, 1930, and being recorded in Vol. 848, page 29 of the Deed Records of Harris County, Texas, and under which tax deed the plaintiffs herein claim title."

The court then concluded, as a matter of law, that the case was ruled by Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319.

We have had occasion in the recent case of Fink et al. v. Grevsgard, Tex. Civ.App., 123 S.W.2d 383, writ refused, to follow and apply Mills v. Pitts. Appellants contend that the present appeal cannot be ruled by Fink v. Grevsgard, for the reason that it appears from the opinion therein that no challenge was made to the sufficiency of the evidence to sustain the court's findings of fact in support of its judgment, whereas, in the instant case, appellants have challenged the sufficiency of the evidence to sustain the court's finding to the effect that the sheriff sold the lots in solido, and not separately. It is appellants' contention, as we understand it, that the most that can be said is that the record is silent as to whether the lots were sold separately or in solido, and, in such case, the court must presume that the officer did his duty by making the sale in conformity with the order of sale. The court would, of course, have indulged the presumption in favor of the officer having performed his duty by

obeying the court's order, had not the record in this case presented sufficient evidence to sustain the court's inference that the sheriff sold the lots in solido, contrary to the order of the court, and without authority.. Indeed, the record in the instant case appears to be identical with the record in the Mills case, as that record is reported in such case in the Court of Civil Appeals, at 19 S.W.2d 99 et seq. And it is to be noted that the trial court sustained the tax sale in the Mills case, but the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment, and its action was affirmed by the Supreme Court. Hence, under the authority of the Mills case, the learned trial court was not only justified in inferring from the record in this case (which is the same as in the Mills case due, no doubt, to the employment of printed forms) that the sheriff sold the lots in solido,' contrary to the judgment and order of sale, but was required as a matter of law to do so.

Appellants further undertake to distinguish the instant case from the Mills case on the ground that the defendants in that case (i. e., the lot-owner who contested the validity of the tax sale) directly attacked the validity of such sale, whereas, in the instant case, appellees' attack is collateral. It is true that in the Mills case the defendants filed, by way of cross-action, a trespass to try title action, but they did not therein allege that the sale was void, nor allege the grounds upon which it was void, while, in the instant case, though the appellees did not file any cross-action expressly attacking the tax sale, yet the parties did expressly stipulate that it was understood that Mrs. White was relying on the contention that the lots were sold in solido, contrary to the judgment and order of sale, and that such sale was void. Whether or not, after expressly stipulating that they understood Mrs. White's contention to be that the deed, under which they, appellants, claim, is void, and the grounds on which she based such contention, appellants can justify their position as being stronger than it would have been if Mrs. White had filed a formal trespass to try title action to recover title to and possession of the lots, without revealing in any way the grounds on which she based her right to recover, may well be doubted. But if, as was held in the Mills case, the tax sale was actually void, and affirmatively appeared to be void from the record in the case, then .it is immaterial

whether Mrs. White made a direct, or merely a collateral attack on the sale, for a judicial sale which affirmatively appears to be void from the record in the case may be attacked collaterally. Indeed, it was necessary to appellants' title to establish the validity of the tax sale; and instead of doing so appellants, by the record in the case, established that the sheriff's sale was void.

The judgment is affirmed.

Affirmed.