## PERKINS v. MAGNOLIA PETROLEUM CO.

### No. 11104.

Court of Civil Appeals of Texas. Galveston.
Jan. 23, 1941.

Rehearing Denied March 6, 1941.

Royston & Rayzor, of Houston, for appellant. ·

Walace Hawkins and Earl A. Brown, both of Dallas, and Tarlton Morrow and Vinson, Elkins, Weems & Francis, all of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action brought by Murray A. Cannon and Elmer M. Cannon and their wives, and appellant, F. R. Perkins, against appellee, Magnolia Petroleum Company, to set aside an oil, gas and mineral lease on 500 acres of land out of a tract of 1,109.47 acres in the S. F. Austin League Survey in Brazoria County, Texas.

Appellants sought a cancellation of said lease for the alleged reason that appellee had failed to drill an oil well on said land and had failed to pay delay rentals according to the terms of said lease. They alleged that the failure of appellee to grant a release constituted a cloud upon their title to said property and prayed for a cancellation thereof.

Appellee answered by general and special demurrers and general denial. It is alleged that Murray A. Cannon owned only a 7/12 undivided interest in the 500 acres covered by said lease and that Mrs. Abbie Howard was the owner of a 5/12 undivided interest therein. By cross-action and interpleader appellee prayed that Abbie Howard and her husband, Alvin Howard, and First National Bank of Angleton be brought into the suit and that the title of the Howards to the land involved and their right, if any, to a fund deposited by appellee as delay rentals under the terms of said lease be adjudicated. Thereafter Mrs. Abbie Howard and her husband filed their answer and intervention and a cross-action claiming a 5/12 interest in said land. They set up a lease executed by them to appellee's vendor and alleged their right to a proportional part of the delay rentals deposited by appellee with the First National Bank of Angleton.

In answer to said bill of interpleader, First National Bank of Angleton pled that said sum of $500 had been deposited with it in the name of the Howards and Cannons jointly and that the bank ·was merely a stake holder thereof.

Plaintiffs answered said pleas of intervention and cross-action by a plea of not guilty. They specially pled the three, five and ten years' statutes of limitations.

Prior to the rendition of judgment in said cause, Murray A. Cannon and Elmer M. Cannon and their wives and Mrs. Abbie Howard and her husband entered into an agreement and compromise of their controversy. They agreed that all issues between them should be withdrawn from the jury and determined by the court in furtherance of said agreement and that none of said parties would appeal therefrom. Thereafter the trial of the cause proceeded between appellant, F. R. Perkins, and appellee, Magnolia Petroleum Company.

At the conclusion of all the evidence, upon motion of appellee, the court instructed

the jury to return a verdict in favor of appellee. On the verdict so returned he rendered judgment that appellant take nothing by his suit.

In accordance with the stipulation between the Cannons and the Howards, which was filed among the papers in said cause, it was decreed by the court that an undivided 7/12 interest in the land covered by said leases belonged to Murray A. Cannon and Elmer M. Cannon, as of the date of said leases, and that an undivided 5/12 interest belonged to Abbie Howard as her separate property at said date, so far as their rights are concerned. It was further decreed, under said stipulation, that all rental moneys then on deposit in the First National Bank of Angleton, or in the registry of the court, be divided 5/12 to Abbie Howard and 7/12 to the Cannons.

F. R. Perkins, the sole appellant herein, assigns error in the action of the court in directing a verdict against him.

The record shows that Murray A. Cannon, by inheritance and purchase, acquired a 7/12 undivided interest in the 1,109.47 acres of land in question, and that Mrs. Abbie Howard, the sister of Murray A. Cannon, acquired a 5/12 undivided interest therein by inheritance. Elmer M. Cannon, the son of Murray A. Cannon, claimed title to the interest of Mrs. Abbie Howard by sheriff's deeds under two tax suits dated, respectively, September 1, 1931, and October 6, 1931. By lease dated July 10, 1936, Murray A. Cannon and Elmer M. Cannon and their wives executed an oil, gas and mineral lease covering said 1,109.47 acres of land to W. C. Corbett, Jr. The lease provided for its extension after the first year by the payment of delay rentals to lessors at the First National Bank of Angleton on its anniversary date in the sum of $1,109.47. By assignment from W. C. Corbett, Jr., appellee acquired 500 acres out of the east end of said tract of 1,109.-47 acres. Upon an examination of the title to said land, appellee learned that a law suit was then pending wherein the Howards sought to recover a 5/12 interest in the property from the Cannons. A lease was later obtained from Mrs. Howard and her husband to a 5/12 undivided interest therein. This lease was also dated July 10, 1936, and provided for the deposit of delay rentals in the First National Bank of Angleton. Each of said leases contained the following provision: "Without impairment of lessee's rights under the warranty, in event of failure of title, it is agreed that if lessor owns an interest in said land less than the entire fee simple estate then the rentals and royalties to be paid lessor shall be reduced proportionally."

In June, 1937, before delay rentals were due under either of said leases, appellee deposited in the First National Bank of Angleton a check for the sum of $500 payable to the Cannons and the Howards, jointly, as its proportional part of the delay rentals due under said leases, with the instruction that it be deposited to their joint account as delay rentals under said leases. The Cannons refused to accept this deposit as a payment of the delay rentals due them and thereafter executed an oil and gas lease, covering the 500 acres under lease to appellee, to appellant, F. R. Perkins.

The only question presented in this appeal is whether the payment by appellee into the joint depository of the amount due as delay rentals under said leases with the instruction that said fund be deposited to the joint account of the grantors in said two leases was, under the existing facts, a sufficient compliance with the terms of the lease from the Cannons to W. C. Corbett, Jr., to prevent a cancellation thereof.

Appellee contends that, since it was proved on the trial of said cause and later stipulated by the parties that the Cannons were not the owners of the entire interest in the land under lease, and that it had secured a lease from the Howards covering the other interests therein, the deposit made by appellee of the entire amount of delay rentals due on said leases to the joint account of the owners of the land with the depository agent named in both leases, was a full compliance with the terms of the Cannon lease, in that said lease provided that, in the event the Cannons did not own the entire fee in the leased property, the rentals and royalties to be paid said lessor under said lease should be reduced proportionally.

While we have been cited to no decisions involving the precise questions here presented and have found none, they can, we think, be determined by the established principles of law.

Unquestionably, if appellee, instead of making a deposit with the joint depository agent named by the parties, had instituted an interpleader suit and had tendered the $500 payment for delay rentals into court to the account of the lessor entitled thereto, appellee would have been protected not

only in the tender of said rental but in its expenses incurred therein, and lessor, although he had not agreed thereto, would not have been able to secure the rental deposit unless and until he had proved his right thereto. Had there been different depository agents an interpleader suit would have been imperative. In the instant case, however, where a common depository agent was named under both leases, the tender made by appellee not only insures the payment of said rentals to the parties entitled thereto, but in the event of a failure by the parties to agree as to the ownership of said fund an interpleader suit may later be filed for the purpose.

Both the Cannon and the Howard leases provide for their termination if drilling operations are not commenced within a year from their date, "unless on or before such anniversary date lessee shall pay or *tender* (emphasis ours) said rentals to lessor or to the credit of lessor in the First National Bank of Angleton, Texas, (which bank and its successor are Lessor's agent * * *)". Said leases further provide that without impairment of lessee's rights under the warranty in the event of the failure of lessor's title and lessor owns an interest in said land less than the entire fee simple estate therein, that then the rentals and royalties to be paid lessor shall be reduced proportionally.

■ It is uncontroverted that at or about the time of the purchase of a portion of the lease on the property in question from W. C. Corbett, Jr., appellee had notice of a claim by Mrs. Abbie Howard to a 5⁄12 interest in the land covered by said lease, and that, in order to protect its interest in said lease, appellee procured a lease from her covering a 5⁄12 interest in said property; that during the trial of said cause the Cannons and the Howards entered into a binding agreement, which was embodied in the judgment rendered, that the Cannons owned a 7⁄12 interest in the land covered by said leases and that the Howards owned a 5⁄12 interest therein on the date said leases were executed. It is also uncontroverted that a tender of the full amount of the delay rentals due under said leases was tendered to the owners of said properties by appellee through the common depository agent named in both leases, prior to their anniversary date, by joint check payable to the owners of said land. Under the above facts, we think that the tender made by appellee was a substantial and sufficient compliance with the terms of said Cannon lease to prevent a cancellation thereof.

No sufficient statement of the facts upon which appellant relies to establish a limitation title is submitted in his brief under the propositions presented to justify the submission of issues thereon. The question of limitation will, therefore, not be considered in this opinion.

■ Appellee contends by counter-propositions, that the sales of the interests of Mrs. Abbie Howard in the property in question to Elmer M. Cannon under tax judgments were void, for the reason that, while said judgments fixed separate amounts of taxes, interest and costs against each separate and distinct tract of land sold and directed that each tract be sold separately, it appeared from the notices of sale and sheriff's deed in each suit that they were sold as one tract. This contention cannot be sustained.

There is no evidence in the record, outside of the court proceedings, from which the manner in which said sales were made can be determined. However, there is no sufficient evidence indicating that the order of the court to sell the land in separate parcels was not complied with by the sheriff. The recitals in said deeds are that the land was sold by virtue of and in obedience to an order of sale under the judgments rendered. There are no recitals in either deed that separate amounts of money were paid for separate tracts of land, or that said tracts of land were sold as one entire tract.

The facts in the cases of Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319; Fink v. Grevsgard, Tex.Civ.App., 123 S.W.2d 383, and Fink v. White, Tex.Civ. App., 133 S.W.2d 137, cited by appellee as governing his contention, are distinguishable from those in the instant case in that, in each of the cited cases, there were either findings of fact that the land was sold as one entire tract or stipulations to that effect, while in the instant case there was an instructed verdict.

■ It is the established rule in this state that, as against an instructed verdict, the party against whom such judgment is rendered must be given the benefit of all fact evidence, circumstantial or otherwise, bearing on his cause of action, as well as all reasonable inferences arising therefrom. Moller v. Barnett, Tex.Civ.App., 129 S.W.

270

2d 456; Lawson v. Hutcherson, Tex.Civ. App., 138 S.W.2d 131.

Further, in the case of Rule v. Richards, Tex.Civ.App., 149 S.W. 1073, in which the facts were similar in all material respects to those in the instant case, it was held that a recital in a sheriff's deed, that the premises described therein, including 120 tracts, "were struck off to Mrs. N. A. Harwell for the sum of $50.00, she being the highest and best bidder therefor", does not exclude the possibility that the tracts were sold separately.

We think, however, that the titles acquired by Elmer M. Cannon under said tax deeds do not affect the judgment rendered herein, in view of the fact, as we have previously stated in this opinion, that the tender made by appellee was a substantial and sufficient compliance with the terms of said Cannon lease to prevent a cancellation thereof.

We therefore conclude that the judgment appealed from should be in all things affirmed. It is accordingly so ordered.

Affirmed.