### SEYMOUR et al. v. SCHWARTZ.
No. 11235.

Court of Civil Appeals of Texas. San Antonio.

Feb. 3, 1943.

Rehearing Denied March 10, 1943.

Second Rehearing Denied April 7, 1943.

Armstrong & Jaffee and O. R. Armstrong, all of El Paso, for appellants.

Theodore Andress, Frank B. Clayton, Ernest Guinn, and Potash & Cameron, all of El Paso, for appellee.

PER CURIAM.

This appeal was transferred, by order of the Supreme Court, from the El Paso Court of Civil Appeals to this Court. The El Paso Court entered an order affirming the judgment appealed from, but upon rehearing a disagreement developed between the two active Justices of that Court as to the proper disposition of the cause. As a result, the order of affirmance was set aside and the appeal re-submitted in this Court.

We have the benefit of two opinions, prepared by Chief Justice Price and Associate Justice Sutton of the El Paso Court, in which the contrasting views as to the proper disposition of this appeal are ably set forth. After due consideration we are constrained to hold that the judgment of the trial court should be affirmed for the reasons set forth in the opinion prepared by Associate Justice Sutton.

As the opinions above mentioned are not a part of the record, we here now adopt the following opinion of Mr. Justice Sutton as the opinion of this Court:

This is an appeal from the 65th District Court of El Paso County. Appellants, Elizabeth Wilhelmina Seymour, Magdalena K. Gutting, and James Watts and Wilfred L. Seymour, as Executors of the Estate of David Silvestro Fenchler, sued A. Schwartz in trespass to try title, seeking to recover a parcel of land in the City of El Paso known as the Tri-State Building. The trial was to the court without a jury. The judgment was for the defendant, from which the plaintiffs have perfected this appeal.

The parties will be designated here as in the trial court.

The parties all claim under a common source. As said by plaintiffs in their brief, the question to be determined here is whether or not a certain tax judgment and sale thereunder were sufficient to divest the title out of plaintiffs and vest it in the defendant.

The several assignments of error and the propositions briefed thereunder by the plaintiffs raise in various ways the claimed lack of finality of the tax judgment and invalidity of the sale, and that the court erred in admitting in evidence the tax judgment.

On June 22, 1938, the City of El Paso and the State of Texas recovered judgment against the owners of the tract of land here involved and four other separate tracts for delinquent taxes due thereon and the foreclosure of the tax lien and order of sale. The judgment and order of sale directed that the five separate tracts be separately sold. The plaintiffs claim they were not so sold, but, in violation of the law, judgment and order of sale, they were sold in solido for one bid. The trial court so found. The only evidence introduced on this issue is the Sheriff's return. A portion of the return applicable here is:

"* * * I sold the above described premises at public auction, as in said writ commanded, and as in said notice advertised (the notice also disclosed the property was directed to be sold in separate parcels), when the same was struck off to the City of El Paso, for its own use and benefit, and for the use and benefit of the State of Texas, at and for the total sum of $15,156.37, the aggregate of the taxes, interest and costs herein—it being the highest secure bidder therefor and that being the highest secure bid for the same."

Plaintiffs contend this quoted portion of the return clearly shows the property was sold in bulk, contrary to the law, the judgment of the court, and the order of sale. We are unable to agree that such is the proper construction. On the other hand, in the absence of substantial proof to the contrary, we think the language, "as in said writ commanded and as in said notice advertised," is properly construed to mean what it plainly says, that the property was sold in separate parcels.

The judgment in the original tax proceeding directed a recovery against each separate tract for the taxes, etc., against each separately and apportioned the costs against each tract, one-fifth to each. The typewritten portion of the sheriff's return recited:

"The City of El Paso recovered judgments in this cause aggregating the total sum, principal and interest of $9996.12. The State of Texas recovered judgments herein aggregating the total sum, principal and interest of $5076.40. Costs in the case amount to a total of $83.85; of which ⅕ or $16.77 is to be charged to each of the five parcels of real estate herein concerned.

"Said property herein described was bought in at Sheriff's sale for the sum of $15,156.37—the total amount of the judgments, interest and costs * * *."

This followed the quoted provision above and further demonstrates, we think, the property was sold in conformity with the judgment and order of sale.

The return in the case of Pitts v. Mills, Tex.Civ.App., 19 S.W.2d 99, affirmed in 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319, relied on strongly by plaintiffs here, is unlike the return here. That return makes unmistakably clear that the sheriff sold the two lots as one piece, as found by the court. It is as follows:

"* * * I offered the within described property for sale, when came the Commonwealth Land & Investment Company and bid Sixty-one and no/100 dollars for the same, and that being the highest and best bid, the within described property was sold to said Commonwealth Land & Investment Company."

It is recited in the opinion in Fink v. White, Tex.Civ.App., 133 S.W.2d 137, that the return there was the same as in the Mills case, supra, doubtless as the result of the same printed form, each of which was issued out of Harris County.

The motion for a new trial recites and alleges the judgment is in excess of the value of the property. The return recites, and the facts otherwise show, the City bid in the property for the amount of the judgment. Art. 7328, R.C.S., Vernon's Ann.Civ.St. art. 7328, provides if there be no bids the property shall be bid off to the taxing unit for the amount of the judgment. It is only required to bid the amount of the judgment where there are no other bids. We think it unreasonable to conclude the City would bid the amount of the judgment and in excess of the value of the property when it might bid it in for less than the amount of the judgment, unless it were under the necessity of doing so. The reasonable inference to be drawn from these facts is, there were no bids. In such case, it would be wholly useless for the sheriff to offer the property separately since the taxing unit must bid the amount of the judgment, if it bids. There is a presumption of law that public officials will perform their duties and perform them correctly. In the absence of substantial evidence and proof to the contrary, that presumption will be indulged. We think it applicable here. We cite the following authorities on the presumption generally: 17 Tex. Jur., §§ 75, 76 and 77, pages 276–281, and the cases there cited; R.C.L. Vol. 22, § 68; Anderson v. Polk, 117 Tex. 73, 297 S.W. 219.

In Fink v. White, supra, writ refused, the contention was made that the record was silent as to whether the sale was made in solido or separately and the court must presume the officer did his duty by making the sale in conformity with the order of sale, and the court there said [133 S.W.2d 139]: "The court would, of course, have indulged the presumption in favor of the officer having performed his duty by obeying the court's order, had not the record in this case presented sufficient evidence to sustain the court's inference that the sheriff sold the lots in solido contrary to the order of the court, and without authority."

The other contention that the court erred in admitting in evidence the tax judgment is predicated on the proposition there was a motion for new trial (a bill of review under Art. 2236, now Rule No. 329, Rules of Civil Procedure, pending and undisposed of in the tax suit at the time this suit was tried, and the tax judgment was not final and sufficient to constitute a link in a chain of title. This, as an abstract proposition, is ordinarily true. It would be good here, except for the provisions of §§ 2 and 3 of Art. 2236, R.C.S., which provide in substance that to stay the execution of the judgment the movant shall give a good and sufficient bond to the plaintiff in double the amount of the judgment or value of the property adjudged, and if the property has been sold prior to the suspension of the judgment the defendants shall not recover the property, but the proceeds of the sale.

We are aware of the case of Houston Oil Co. v. McCarthy, Tex.Com.App., 245 S.W. 651, but this question was not there discussed, nor in any manner alluded to. Furthermore, the inference is justified that that was a suit to recover land and involved no execution thereof. There is no showing in this record that the bond had been given. The familiar and elementary rule, that in trespass to try title the plaintiff must recover on the strength of his own title and not on the weakness of the defendant's, is applicable here.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

NORVELL, Justice.

Upon rehearing, appellants urge that the trial court committed reversible error in admitting in evidence the judgment rendered in the original tax lien foreclosure proceedings. Our attention is particularly directed to Glaze v. Johnson, 27 Tex.Civ. App. 116, 65 S.W. 662, and Texas Co. v. Dunlap, Tex.Com.App., 41 S.W.2d 42. In the Glaze-Johnson case a tax lien foreclosure judgment, based upon citation by publication, was involved and the property subject to the lien had been bought in by the City of Houston, the plaintiff in judgment. The Galveston Court of Civil Appeals, in effect, held that Article 1378 of the 1895 Revised Civil Statutes was inapplicable to judgments ordering foreclosures where the plaintiff in judgment became the purchaser at the sale ordered by the judgment.

In Texas Co. v. Dunlap, the Commission of Appeals held that Section 3 of Article 2236, 1925 Revised Civil Statutes, was likewise inapplicable to judgments when the plaintiff in judgment was the purchaser at the sale ordered by the judgment. The holding was based upon the theory that as the Court of Civil Appeals had given a certain construction of Article 1378, 1895 R.C.S., in Glaze v. Johnson and the Supreme Court had refused a writ of error, the Legislature, by enactment of the article in substantially similar wording in the 1911 and 1925 Revised Civil Statutes had intended also to adopt the judicial construction theretofore placed upon the article.

Based upon these authorities, as well as Houston Oil Co. v. McCarthy, Tex.Com. App., 245 S.W. 651, appellants contend that the tax foreclosure judgment was inadmissible in evidence. And it is further asserted, in effect, that the trial court should have rendered judgment for appellants upon the trial court's finding that they and their predecessors in title, for a period of ten years prior to August 19, 1940 (the date appellee acquired possession of the property), had been in continuous, adverse, peaceable, hostile and open possession of said property, using and enjoying the same. Article 5510, Vernon's Ann.Civ.Stats.

The action (No. 48333) which resulted in the judgment here appealed from was originally filed in the 41st District Court and then transferred to the 65th District Court. The date of the filing of the action is not disclosed by the transcript, however, in an amended petition filed September 24, 1940, appellants pleaded a statutory trespass to try title action coupled with a special plea of limitation under the ten-year statute.

Appellee answered with a plea of not guilty and a special plea in which he asserted title under and by virtue of the tax lien foreclosure judgment (Cause No. 45260) alleging that said judgment was in all things good and valid.

Appellants in order to show a common source of title introduced in evidence the judgment rendered in said cause No. 45260, as well as a motion for new trial filed in said cause by Elizabeth Wilhelmina Seymour, joined by J. J. Watts and Wilfred L. Seymour, executors under the will of David Silvestro Fenchler, deceased, all of whom were parties plaintiff in this cause No. 48333 and appellants here. (Magdalena K. Gutting, plaintiff below and appellant here, was apparently served with personal citation in the tax lien foreclosure proceedings.) .

This motion was filed on June 18, 1940. The judgment sought to be set aside was rendered on June 22, 1938. It also appears that on August 5, 1940, cause No. 45260, including all proceedings then pending therein, was transferred from the 41st to the 65th District Court.

After appellants had rested the appellee offered in evidence the judgment rendered in cause No. 45260 for all purposes. This was objected to on the ground that the judgment was not a valid, final and binding judgment and could not properly be considered as a muniment of title.

The above statement makes it clear that appellants (other than Magdalena K. Gutting, who could not properly file a motion for new trial under Article 2236) were the actors in two separate suits or legal proceedings. Both proceedings had one issue or question in common—the validity of the judgment rendered in cause No. 45260. Certainly appellee could and had the right to assert the validity of his title and the validity of the judgment upon which such title was based in the action brought against him to recover the premises to which he asserted title. This he did do by appropriate pleadings. When the issue of the validity of the judgment in cause No. 45260 was raised in this trespass to try title cause, either by the filing

of the petition or answer, and also in tax lien foreclosure suit (Cause No. 45260) by the filing of a motion for new trial therein, appellants were in a sense put to an election. Being the actors in both proceedings, they could, as Dunlap did in Texas Co. v. Dunlap, supra, proceed with the motion for new trial, or they could, as they did in this case, proceed with their trespass to try title suit. Appellants chose to have the issue of the validity or invalidity of the judgment determined in this action, and the holding of the trial court that the judgment was valid must be considered as correct in view of the evidence. This holding, while one of substantive law, determines the question of the admissibility of the judgment in evidence.

We think that judgments based upon citation by publication are interlocutory only until such time as their validity is actually determined and established by a proper proceeding in a court of competent jurisdiction having the parties at interest before it.

Ordinarily a proper proceeding in which to test the validity of a judgment based upon a citation by publication is the statutory motion for new trial. From the standpoint of the defendant in judgment it is probably the most efficacious remedy—one he has the legal and statutory right to pursue, should he elect to do so, but this does not mean that from the standpoint of the defendant in judgment the statutory motion for new trial is exclusive, and if such defendant in judgment elects to pursue to judgment another remedy, even concurrent or cumulative in nature, he is bound by the decision he invokes upon the issues presented in such proceeding. Pullman Co. v. Hoyle, 52 Tex.Civ.App. 534, 115 S.W. 315, 318; 18 Am.Jur. 136, § 13.

We are unwilling to hold that a party may by the simple expedient of filing a statutory motion for new trial deprive an opponent of the right to raise and have determined the issue of the validity of a judgment under which the opponent claims, when said judgment and title thereunder are attacked in a separate action by him who filed the statutory motion.

The record here presents a situation entirely different from one in which the defendant in judgment is not a party to an action in which a judgment based upon a citation by publication is relied upon by strangers to the judgment or even by the plaintiff in judgment as a muniment of title.

Appellants' motion for rehearing is overruled, but in view of the holdings set forth in this opinion upon rehearing, appellants may file a second motion for rehearing within the usual fifteen-day period from this date.