### WATTS et al. v. CITY OF EL PASO et al.

### No. 4363.

Court of Civil Appeals of Texas.
March 30, 1944.

Rehearing Denied June 8, 1944.

O. R. Armstrong, of El Paso, for appellants.

Travis White, City Atty., and Ernest Guinn, Co. Atty., both of El Paso, for appellees.

PRICE, Chief Justice.

This is an appeal from an order of the District Court of El Paso County, Texas, Forty-First Judicial District, overruling a motion for a new trial made by Elizabeth Seymour and J. J. Watts and Wilford Seymour, as executors under the will of David S. Fenchler, deceased, in a cause numbered 45,260 on the docket of said court, and entitled The City of El Paso, Plaintiff, State of Texas, Intervener, v. David S. Fenchler, et al. Cause No. 45,620 was filed on the 22nd day of November, 1937. It was an action by the City to recover as against David S. Fenchler, Elizabeth Seymour and others, delinquent taxes for the years 1931 to 1936, inclusive, on five pieces of property in the City of El Paso, Texas. On the 13th day of January, 1938, the State of Texas filed an intervention seeking to recover taxes on the same property for the same years on her own behalf and on behalf of the County of El Paso. Citation was not issued on either the original petition of the City or the intervention of the State until January 13, 1938. The petition of the City and the intervention of the State alleged that David S. Fenchler and Elizabeth Seymour were each nonresidents of the State of Texas. On the date just aforesaid, the attorney for the City and the attorney for the intervener each filed affidavit in the cause so stating. On that date the Clerk of the District Court issued citation by publication for David S. Fenchler, individually and as independent executor of the estate of W. H. Fenchler, deceased, and for Elizabeth Seymour. This citation was addressed to the Sheriff or any constable of El Paso County commanding the summoning of the said David S. Fenchler in the

capacities stated and Elizabeth Seymour by making publication of same once each week for two successive weeks previous to the return day. The return on this citation shows publication for the period commanded, the said publication being on the 22nd and 29th days of January, 1938.

There is this irregularity in the return of the sheriff, in that the copy of the printed copy accompanying the return shows that the word "summon" was omitted from the publication.

On the same date, to-wit, the 13th day of January, 1938, the clerk issued a citation for David S. Fenchler, individually and as independent executor of the Estate of W. H. Fenchler, deceased. This citation included numerous other defendants alleged to be residents of El Paso County, Texas. It commanded personal service upon the defendants. The sheriff's return on this citation shows that it came to hand on the 13th day of January, 1938, at 1 o'clock P.M. It recites "David S. Fenchler not served for the reason he could not be located in El Paso County, Texas." The sheriff's return on the aforesaid citation by publication recites that same came to hand on the 13th day of January, 1938, at 1 o'clock P.M. Each of these citations issued on both the petition of the City and the intervention of the State.

Judgment was rendered in the cause on the 22nd day of June, 1938. This judgment recites, as to David S. Fenchler, individually and in his representative capacity, and as to Elizabeth Seymour, that neither appeared and that citation for them was by publication, and the court appointed an attorney to represent them.

The judgment established taxes, penalties, interest, etc., due as to the five tracts in the sum of about $15,000, decreed a sale of the respective five tracts for the payment of the taxes against each, and was in general conformity to Article 7345b, Vernon's Ann.Civ.St. Order of sale duly issued on said judgment, and on August 2, 1938, a sale was held, at which sale the City of El Paso bid in the property for the full amount of the taxes and costs on each tract for the use and benefit of itself and the other taxing units parties to the litigation. Since that date the City of El Paso, with the consent of the other taxing units, has sold the various tracts of land to various purchasers.

On the 12th day of April, 1940, one tract, known as "The Tri-State Hotel property," was sold to A. Schwartz by the City for the sum of approximately $8,000.

On June 18, 1940, appellants filed motion for a new trial. On the 5th day of August, 1940, the Judge of the Forty-first District Court, deeming himself disqualified in the cause, ordered same transferred to the Sixty-Fifth District Court of El Paso County for trial. On November 2, 1940, the Judge of the Sixty-Fifth District Court ordered the case transferred back to the Forty-First District Court of El Paso County, Texas. The cause was from time to time continued in the Forty-First District Court until the 18th day of October, 1943, at which time the order appealed from refusing the motion for a new trial was entered.

Probably either a short time before or after the filing of the motion for a new trial on the 18th day of June, 1940, herein, a suit was filed in the Sixty-Fifth District Court by the appellants here against A. Schwartz to recover the Tri-State Hotel property. This case resulted in a judgment in favor of the defendant, and was appealed to this Court and thereafter transferred by the Supreme Court to the Court of Civil Appeals at San Antonio. That Court in all things affirmed the judgment of the trial court. Seymour v. Schwartz, 172 S.W.2d 138. The judgment in that case was rendered in the District Court of El Paso County, Sixty-Fifth District. The parties to that appeal were the executors of the estate of David S. Fenchler, deceased, Elizabeth Seymour and A. Schwartz.

The motion of the appellants for a new trial is very general in terms. It avers that the judgment by the record discloses a lack of active jurisdiction on the part of the court, in that the citation by publication was issued when there had also been issued a citation personally citing David S. Fenchler and Elizabeth Seymour to appear; further, that it was addressed to the sheriff and not to the defendants. In a general sort of way the motion sets up that the taxes for which the judgment was rendered were excessive and had not been duly and legally assessed; that the value of the property was less than the aggregate of the taxes and the judgment failed to find an adjudged value therefor; alleges that the greater portion of the taxes have been paid to the taxing units since the rendition of the judgment, but does not allege that ap-

pellants have paid such taxes, but that the money received by the City from the purchasers of the property and the rental value were sufficient, if not sufficient to liquidate the taxes in arrears; offers, after such credits are given, to liquidate the amount of unpaid taxes.

Appellees in their answer to the motion aver the regularity of the proceedings and plead the judgment in the case of Seymour v. Schwartz hereinabove referred to as adjudicating all matters embraced in appellants' motion.

The attack on this judgment was made under Article 2236, Vernon's Ann.Civ.St., now incorporated in Rule No. 329, Texas Rules of Civil Procedure.

■ The petition of the appellees averred that appellant Mrs. Seymour was a nonresident of Texas and likewise David S. Fenchler, individually and in his representative capacity, was a nonresident of Texas. The attorneys representing the City and the State each filed affidavit sufficient in form so stating. There was ample basis in the petition for the issuance of citation by publication. In our opinion, there was no authority for the clerk to issue personal citation for the defendants alleged to be nonresidents of the State. The issuance of such citation on his part did not affect the validity of the citation by publication.

■ We think the citation issued and served in this case substantially conforms to the requirements of subsection (c) of Section 3, of the Acts of the 45th Legislature. General and Special Laws, 1937, p. 1494a. In any event, appellants fail to specify wherein there is a want of conformity to that law. Their contention seems to be that the service by publication provided for is governed by Article 7342. A perusal of the applicable part of the Act of 1937 discloses it is rather specific as to the service required and is, we think, complete within itself. There is no requirement that the notice be addressed to the defendants, as in Article 7342. It provides for only two weeks publication, and 7342 provides for three.

The applicable part of subsection (c) of that Act is as follows: "Where any defendant in such suit is non-resident of the State or where the owner or owners of said property be unknown, and the petition so recites, service by publication is thereby authorized upon said defendant party or owner, and where service is had by publi-

cation it shall be sufficient for the notice to be published to contain the number and style of the case, the court in which it is pending, the amount of the taxes due each party plaintiff and intervener, exclusive of interest, penalties and cost, and shall recite that all interest, penalties and costs allowed by law are included in the suit."

■ It might be observed here that the requirements contained in the above quoted portion of the law of 1937 were changed by the law of 1939, subsection (d), Section 3, of Article 7345b, Vernon's Ann.Civ.St. This amendment provides that the notice provided for be directed to the defendants. Whether this makes any material change in the form of the notice required, it is not material to here determine. The sufficiency or insufficiency of the citation must be determined by the law in force on the date of its issuance.

It is deemed that the above quoted subsection was sufficient in and of itself to prescribe the requisites of the service without reference to Article 7342. Hence the provisions of the subsection control as to the duration of the publication and the content thereof.

■ Article 2236, and likewise Rule 329, conditions the granting of the motion for a new trial on a showing of good cause. Good cause, where active jurisdiction attaches to the extent conferred by citation by publication, consists of a showing that the movant did not know of the rendition of the judgment in time to have attacked same during the term at which it was rendered. In our opinion, active jurisdiction is shown not only by the recitals of the judgment but the rest of the record. Another constituent element of good cause is that the movant has a good defense to the cause of action alleged and which is the basis of the judgment. Insofar as David S. Fenchler is concerned, either individually or in his representative capacity, there is no evidence as to whether he knew of the pendency of this suit or of the judgment rendered. He died during the year 1939. The trial court found that appellant Mrs. Seymour did not know of the judgment until sometime in 1940. The evidence in all respects sustains this finding, and this constituent element of good cause is shown.

■ The evidence fails to show that the taxes, penalties, etc., sued for were not all due and owing. From the findings of

the trial court it is fairly inferable that the total amount of the taxes, penalties, etc., due exceeded the value of the property. As we interpret the finding, it is as to the value of the property on the date of the trial of the motion for a new trial and not as of the date of the rendition of the judgment in the cause. However, the position of appellants throughout is that the taxes are in excess of the value of the property. In fact, one of the main contentions is that had Mrs. Seymour been apprised of the pendency of the suit she could have plead as to the fair value of the property and obtained an adjudged value in accordance with Section 5, of Article 7345b, Vernon's Ann.Civ.St.

By its own terms, the said section applies only where the taxes sued for are delinquent for the year 1935 and prior years. Involved in this suit were taxes for the years 1931 to 1936, inclusive. This provision had no application at the time the court rendered the judgment involved.

Danciger v. State, 140 Tex. 252, 166 S.W.2d 914.

However, this 'section was amended in 1941 and made to apply to all suits for delinquent taxes. Acts 1941, 47th Legislature, p. 858, Vernon's Ann.Civ.St. art. 7345b, § 5.

Had the trial court granted a new trial, no doubt Mrs. Seymour would have had the privilege of seeking to have an adjudged value fixed on the property on a new trial. It is not thought that this constitutes good cause within the meaning of the statute or the rule. It is not a defense. The adjudged value statute does not give a special and peculiar right to the defendant to purchase for the adjudged value. It is our view that on the sale, if the owner bids the adjudged value, the taxing units are precluded from bidding. Any attendant on the sale may bid above the adjudged value of the property. Even though the property be struck off to the owner or to a party other than a taxing unit for the adjudged value, this does not pay the taxes. It discharges the taxes as a lien against the particular property. Here, as is shown by the pleadings, or at least the evidence, the taxing units bid the full amount of the judgment. This had the effect of satisfying in full, so far as the owner was concerned, the taxes due.

The purpose of the adjudged value provision of the law is not for the benefit of the delinquent taxpayer, it is to enable the taxing units to apply the full value of the property to their claims without the necessity of further administration thereof. The only benefit to the appellants of granting a new trial herein would be to give them a possible chance to acquire this property or some of it at a value adjudged by the court, and this under a law passed subsequent to the rendition of the judgment. It was the right of the taxing units involved here to have the full value of the property applied to their tax claim. The judgment vindicated that right. Under the execution of the judgment this has perhaps been accomplished. In any event, under the contention of appellants the value of the property did not equal the legitimate liens against it.

We think the finding of the trial judge that appellants failed to show good cause is justified, if not compelled, by the evidence and record before him.

It is ordered that the judgment be in all things affirmed.

McGILL, J., did not participate.