**ROTGE v. MURPHY et al.**

No. 11647.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 27, 1946.

Rehearing Denied Jan. 8, 1947.

Ronald Smallwood, of Harlingen, and Dougherty & Dougherty, of Beeville, for appellant.

Greenwood, Johnson & Phillips and Kent, Brown & George, all of Harlingen, for appellees.

MURRAY, Justice.

This suit was instituted by Katherine Rotge in the 103d District Court of Cameron County, against Dan Murphy and wife, Elizabeth Regent Murphy, Harlingen Independent School District, individually and as trustee, State of Texas, Cameron County, City of Harlingen, Arroyo Colorado Navigation District of Cameron and Willacy Counties, Cameron County Water Improvement District Number One, B. H. Dunlap, D. W. Sigler, Mike Rotge and D. R. Rotge, Jr., seeking to recover in a trespass to try title action, Lots 4, 5, 6, 7 and 8 in Block 82, of the Original Townsite of Harlingen in Cameron County, Texas.

There had theretofore been a foreclosure of a tax lien against these lots in cause No. 19136, and the decree, the order of sale, the sheriff's return and the sheriff's deed were all introduced in evidence. The sheriff's deed recited a conveyance of the lots to Harlingen Independent School District, individually and as trustee for other taxing units. The property was later conveyed by the School District to Elizabeth Regent Murphy. It was stipulated on the trial that Katherine Rotge was the sole owner of the property subject to the proceedings in said cause No. 19136, and the rights, if any, acquired in said property by the purchaser at said sale and its assignees. Thus the entire question involved is the validity of the proceedings had in cause No. 19136.

The trial was before the court without the intervention of a jury and resulted in judgment that Katherine Rotge take nothing by her suit and the title and possession of said lots were awarded to Elizabeth Regent Murphy, from which judgment Katherine Rotge has prosecuted this appeal.

The foremost contention by appellant is that the trial court should have permitted a recovery by her because the sheriff's sale was void, in that the sheriff sold the lots in bulk and for a gross sale price, rather than by separate parcels or lots, as required by order of the sale. The judgment in cause No. 19136 clearly orders the several lots to be sold separately. The following language is found in that judgment, to wit: " * * * and said land is ordered sold to satisfy said judgment and that the clerk of this Court do issue an order of sale, directed to the Sheriff or constable of Cameron County, Texas, commanding him to seize, levy upon and advertise for sale, as under execution, each of said above described tracts of land for the amount of taxes, interest, penalty and costs apportioned to each respective tract, and to sell the same as under execution, to the highest bidder for cash."

The order of sale likewise ordered the lots sold separately, and the sheriff's deed recites as follows:

" * * * sold said property, lands and lots at public vendue, in the County of Cameron at the Court House door thereof, at which sale the premises hereinafter described were struck off, each lot separately as indicated on the following page(s) hereof to Harlingen Independent School District for itself and as trustee for the Intervener and/or impleaded party defendant taxing units adjudged in said suit to have tax liens against such property, for the sum(s) as indicated on the following page(s) hereof, it being the highest bidder therefor, and the amounts named being the highest bid for the same.

"Now, Therefore, in consideration of the premises aforesaid, and of the crediting of the amount bid against the judgment rendered in said cause against each of said lots, I, Tom J. Morrison, Sheriff, as aforesaid, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Harlingen Independent School District all of the estate, right, title and interest which the said above-named defendants, or any of them had on the 8th day of January, A.D.1944, or at any time afterwards, in and to the land and premises as described on the following page(s) hereof, and as described in the order of sale in said cause, to wit:

"Lots 4, 5, 6, 7 & 8, Block 82, Original Townsite, Harlingen, Cameron County, Texas—$3,111.82, plus all costs."

That part of the sheriff's return which has a bearing upon how the lots were sold reads as follows:

"* * * I did sell said property at Public sale to the Harlingen Independent School District for the use and benefit of itself and * * * to whom the same was struck off as follows:

| Lot 4, Blk 82, Orig. Townsite | 475.08 plus all costs |
| 5, " " | 598.00 " |
| 6, " " | 868.75 " |
| 7, " " | 980.00 " |

"For $3111.82 plus all costs, the amount bid for each particular tract as sold being in each case the highest secure bid for the same which sums so bid are to be credited on said judgment in proportion to and to the extent of the liens held by each of said taxing units, and thereafter I executed to said purchaser for the use and benefit of itself and the other taxing units parties herein, a deed for said land and lots in consideration of said bids."

The sheriff's return does not affirmatively state whether the lots were sold separately or not. Appellant contends that the stricken portions of the return demonstrate that the lots were sold in solido. He struck out the sums listed opposite each lot. He also struck out the phrase, "for each particular tract as sold," and the phrase, "in each case." He also struck the letter "s" from the word "sums." The deduction might very readily be drawn from this action that the sheriff intended to convey the idea that the lots were sold in solido. On the other hand, appellees contend that what happened was, in listing the amount bid for each lot the sheriff got the figures transposed with reference to Lot 6 and listed $580 where it should have been $850, and then, when the figures were added he got a total sum of $2,841.82, when he knew the total should be $3,111.82, and thus to avoid a discrepancy the sheriff struck out the portions of the return which were stricken. One explanation is just as plausible as the other. The sheriff was not called as a witness to give his explanation of the matter. No evidence was offered as to how the sale was made, other than the court proceedings, as above set out. Therefore, we come to the conclusion that the return does not affirmatively show just how the sale was made.

In the absence of proof to the contrary, the law presumes that an officer does his duty and as the record does not show that the sheriff did sell the lots in solido we must presume the sheriff sold the lots as he was ordered to do, that is, that he sold each lot separately and that the sale was valid. Seymour v. Schwartz, Tex.Civ.App., 172 S.W.2d 138; Perkins v. Magnolia Petroleum Co., Tex.Civ.App., 148 S.W.2d 266.

Furthermore, the sheriff's deed recites that the lots were sold separately. It is true that this statement is not as clear as it might be, but it does so state, and inasmuch as the sheriff's return does not contradict this recital in the deed such recitals will be taken as true, in the absence of any other testimony as to how the sale was made. Seymour v. Schwarts, supra; Perkins v. Magnolia Petroleum Co., supra.

We are well aware of the rule that where a decree and order of sale direct the sheriff to sell lots or parcels of land separately and he proceeds to sell them in solido in violation of such instructions, that such a sale is void. Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319; Fink v. Grevsgard, Tex.Civ.App., 123 S.W.2d 383; Fink v. White, Tex.Civ. App., 133 S.W.2d 137.

We are also aware of the rule that the burden of proof is on him who asserts the validity of the sale to prove that the sale was in fact legally conducted. Carter v. Munzeheimer, Tex.Civ.App., 272 S. W. 277; Tanner v. Grisham, Tex.Com. App., 295 S.W. 590.

However, here there is no evidence that the lots were sold in solido, the sheriff's deed recites they were sold separately, and in view of the presumption that officers do their duty the trial judge who was the trier of facts was justified in making the implied finding that the lots were sold separately.

■ Appellant contends that the proceedings in the suit were insufficient to divest her of her title to the lots, because the judgment in that suit did not dispose of all the parties to the suit. We overrule this contention. While the judgment does not dispose of all the defendants by name, it does do so by implication, which is all that is required to make it a final judgment. Whitmire v. Powell, 103 Tex. 232, 125 S.W. 889; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1162; Tenison v. Donigan, Tex.Com.App., 237 S.W. 229; Lindsey v. Hart, Tex.Com.App., 276 S.W. 199.

■ Appellant next contends that the tax judgment was void because certain persons named in the pleadings and judgment as the unknown heirs of certain deceased persons were not unknown and this could have been ascertained upon reasonable inquiry and diligence. We overrule this contention. ' It will be borne in mind that this is a collateral attack upon the tax judgment. By stipulation the parties agreed that appellant was the sole owner of the property at the time the tax suit was filed, citation served and judgment rendered subject only to the claim for taxes. Under such circumstances appellant cannot in this collateral suit complain because sufficient diligence was not used to locate certain defendants sued as unknown in the tax suit.

■ Appellant next complains because in the tax suit plaintiffs were permitted to amend their pleadings by interlineation. Such questions cannot properly be raised in a collateral proceeding.

■ Appellant next contends that the tax judgment was void because the sheriff's return shows that the property was sold to Harlingen Independent School District for the use and benefit of itself and, among others, the Cameron County Water Improvement District No. One. This Water District was not a party to the suit, the lots were not in this district and the district did not have a tax claim against the lots. The return further showed that the taxing units which it named were taxing units which were parties to the suit, or which had intervened therein, and which had been adjudged in said suit to have tax claims; that the Harlingen Independent School District was receiving title to the property as trustee for them in proportion to the amount of the tax lien in favor of each taxing unit as established by the judgment. It is apparent that the name of Cameron County Water Improvement District No. One was placed in the return by inadvertence and will therefore be regarded as surplusage.

■ Appellant next complains because she was not permitted to testify to the market value of the lots in question. Appellant did not show herself to be sufficiently familiar with the cash market value of these lots to qualify her to express an opinion as to their value, and therefore the court did not err in excluding her testimony as to the value of the lots. Furthermore, we having determined that the tax judgment was not void, and this being a collateral attack upon that judgment, the cash value of the lots would be immaterial. The adjudged value of the lots at the time of the judgment was $4,320, and they were sold for $3,111.82 plus costs, which strongly indicates that the lots were not sold for a grossly inadequate price.

Appellant's contention that the tax sale was void because notice of sale was given to the attorney ad litem is overruled. The proceeding further shows that notice was given to each of the defendants.

■ Appellant's contention that the sale was void because the Harlingen Independent School District sold the property within the period of redemption is overruled. Appellant bases this contention on Little v. Dennis, 143 Tex. 582, 187 S. W.2d 76, which relates to sales by the State and not by school districts. The reasons for the holding in that case do not exist in the instant case. Section 9 of Art. 7345b, Vernon's Ann.Civ.Stats., provides for just the kind of a sale that was made here and it was clearly authorized under such section of this statute.

■ Appellant's contention that she should have been permitted to redeem the land in any event by paying the penalties

provided for in Section 12 of Article 7345b, Vernon's Ann.Civ.Stats., is also overruled. She did not pay this amount nor offer to pay any such amount. Unquestionably, if she had tendered unqualifiedly the sums provided for in said Section 12, within the two-year period, she should have been allowed to redeem the property. This she did not do. First she sought to have the sale declared void, and then, in general terms, offered to do equity. This cannot be construed as an unqualified offer to redeem the land under the provisions of Section 12 of said Article 7345b.

The judgment is affirmed.