

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 8, 1955

Hon.. Robert S. Calvert
Comptroller of Public Accounts    Opinion No. S-175
Capitol Station
Austin, Texas                     Re: Collection of certain
                                      judgments for delin-
Dear Mr. Calvert:                     quent taxes.

     You request the opinion of this office upon the statement of facts which you presented in your letter. We summarize the pertinent facts as follows.

     Suits for delinquent taxes, penalties and interest were filed in the District Court of Ward County in causes numbered 7272-T and 7275-T, respectively, on valid assessments. The validity of the assessments is not questioned. These suits were filed and prosecuted by the attorney under his contract with Ward County for the collection of delinquent taxes. In each case the court found the adjudged value of the property as provided in Section 5 of Article 7345b, Vernon's Civil Statutes. The delinquent taxes were calculated upon this adjudged value, and judgment was rendered for the taxes as calculated upon the adjudged value. The adjudged value was less than the assessed value at the time the delinquent taxes were levied, and consequently each judgment is less than it would have been if it had been based on the taxes levied on the assessed value.

     It now appears that the defendants in the delinquent tax suits desire to pay the amounts of the judgments and costs, and by this means pay the taxes and extinguish the constitutional liens provided for securing the payment of the taxes.

     The question which you present for our decision may be thus stated: May the delinquent taxpayer, the defendant against whom the judgment is rendered, pay the amount of taxes adjudged owing as calculated upon the adjudged value and thus satisfy the requirements of the law as to the payment of his taxes? The answer to this question is in the negative.

We think there is no question but what a delinqu-ent taxpayer against whom judgment has been rendered for the full amount of taxes, penalties, interest and costs has the right prior to a sale to pay the taxes, penalties, interest and costs and thus satisfy the judgment and extinguish the State's lien for the payment of the taxes. The provision of the statute permitting the court to find the adjudged value of the land at the time of the trial has no effect whatsoever to reduce the assessment and the amount of taxes, penalties and interest owing by the delinquent taxpayer upon his assessment. In a delinquent tax suit judgment should be rendered by the court for the full amount of unpaid taxes, penalties and interest upon the assessment. If an adjudged value is found by the court, this merely operates to permit a sale of the property for a sum less than the amount of taxes, penalties and interest, and which has the effect of extinguishing the lien. But this does not operate to pay the taxes assessed against the delinquent taxpayer. The court said in Watts v. City of El Paso, 183 S.W. 2d 249 (Tex. Civ. App. 1944, error ref.):

> " ... Even though the property be struck off to the owner or to a party other than a taxing unit for the adjudged value, this does not pay the taxes. It discharges the taxes as a lien against the particular property. ...

> "The purpose of the adjudged value pro-vision of the law is not for the benefit of the delinquent taxpayer, it is to enable the taxing units to apply the full value of the property to their claims without the necessity of further administration thereof...." (Emphasis supplied.)

Section 5 of Article 7345b, V.C.S., merely pro-vides that the court "shall incorporate in its judgment a finding of the reasonable fair value thereof, in bulk or in parcels, either or both, as the Court may deem proper," but it is quite obvious that it was not the intent of the Legis-lature to substitute the adjudged value for the assessed value upon which the tax is calculated. The judgment should still be for the aggregate amount of the taxes, penalties, interest and costs upon the assessed valuation.

What the court has done in the judgments here in-volved is to substitute the adjudged value for the assessed value. This is a nullity for the reason that the District Court has no power or jurisdiction to substitute any value

for the assessed value.  This is made quite plain in the case of State v. Richardson, 126 Tex. 11, 84 S.W.2d 1076 (1935), in the following language:

"The real question for decision here is this, Was the district court in this proceeding authorized to revalue and reassess the property on the findings made by the jury and award judgment for taxes with interest on account of delinquency?  It is our opinion that in event of a void assessment the district court has no jurisdiction or power to revalue and reassess property and render judgment for taxes based on such revaluation and reassessment. The jurisdiction of the tax assessor and board of equalization is unquestionably exclusive. State v. Chicago, R. I., etc. R. Co. (Tex. Com. App.) 263 S.W. 249."(Emphasis supplied)

The court held in Montgomery County v. Humble Oil and Refining Company, 245 S.W.2d 326 (Tex. Civ. App. 1951 error ref. n.r.e.), that in a suit for taxes the court may not substitute its findings of valuation of property for the findings of the Board of Equalization and render judgment for taxation purposes based upon the court's valuation.  To the same effect is Electra Independent School District v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W. 2d 645 (1943).  As we have pointed out above, the adjudged value is not to be substituted for the valid assessed value.  Therefore, these judgments of the court based upon the adjudged value and not the assessed value have no legal effect.  Moreover, if this course should be pursued, it would result in inequality and discrimination against other taxpayers who paid their taxes upon the assessed value as distinguished from the adjudged value.

The delinquent taxpayer, as is the case here, desiring to pay the taxes, penalties, interest and costs prior to a sale is required to pay the amount of the taxes, penalties, interest and costs for which the court should have rendered judgment upon the assessed value.  The Tax Assessor-Collector would not be authorized under the law to accept anything less in satisfaction of the delinquent taxes, penalties, interest and costs due upon the assessed value.

## SUMMARY

The District Court in a delinquent tax suit has no authority or jurisdiction to substitute the adjudged value of the property ascertained at the date of the trial as provided by Section 5 of Article 7345b, V.C.S., for the assessed value. A judgment for the taxes rendered upon the adjudged value, as distinguished from the assessed value, is a nullity. The delinquent taxpayer and defendant in the suit may not, therefore, discharge his taxes, penalties, interest and costs by paying prior to sale the taxes, penalties, interest and costs calculated upon the adjudged value. The Tax Assessor-Collector is not authorized to accept anything less than the full amount of the taxes, penalties, interest and costs calculated upon the assessed value from the defendant who desires to pay his taxes and discharge the lien prior to sale.

APPROVED:

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

L. P. Lollar
Taxation Division

Mary K. Wall
Reviewer

By L. P. Lollar

L. P. Lollar
Assistant

John Davenport
Reviewer

John Atchison
Acting First Assistant

John Ben Shepperd
Attorney General