**HIDALGO COUNTY WATER IMPROVE-MENT DISTRICT NO. TWO et al., Appellants,**

v.

**Wilfred J. DEAN et ux., Appellees.**

No. 14060.

Court of Civil Appeals of Texas.

San Antonio.

March 13, 1963.

Rehearing Denied April 10, 1963.

Charles E. Thompson, McAllen, Turner; White, Atwood, Meer & Francis, C. Sidney McClain, Dallas, Strickland, Wilkins, Hall & Mills, Mission, Stafford, Atlas & Spilman, McAllen, for appellants.

Robert H. Kern, Jr., McAllen, Black & Stayton, Austin, for appellees.

MURRAY, Chief Justice.

This is a suit by appellees in the form of trespass to try title, seeking to recover from appellants, title and possession of an undivided one-half interest of the mineral estate in and under "the North 17.75 acres of Lot 3, Block 16, Steele and Pershing Subdivision of lands in Porcion 67, and the East one-half of Porcion 66, Hidalgo County, Texas." The trial was before the court without the intervention of a jury and resulted in judgment in favor of appellees against appellants for the title and posses-

sion of the undivided one-half interest of said minerals, from which judgment the appellants have prosecuted this appeal.

This is the second appeal of this cause. On the former trial, the court granted appellants' motion for a summary judgment, which judgment was reversed by this Court and the cause remanded for a trial on the merits. Dean v. Hidalgo County Water Imp. Dist. No. Two, Tex.Civ.App., 320 S.W.2d 29. Reference is here made to our former opinion for a more detailed statement of the case.

■ W. E. Pope is the common source of title to the 17.75 acre tract. This tract purportedly was conveyed by the Water District to W. E. Pope through a sheriff's deed dated January 5, 1926. In appellees' chain of title is a tax deed conveying the 17.75 acre tract to W. E. Pope. The order of sale was issued out of the District Court of Hidalgo County in Cause No. U–64. It is the contention of appellants that this attempted sheriff's sale of the 17.75 acre tract was void and conveyed nothing to W. E. Pope, first, because W. E. Pope had conveyed the land to the Water District and paid the taxes before the deed was executed, and second, because the order of sale was functus officio when executed. The trial court properly held that the Water District having caused the order of sale to issue and the land sold at public sale for a consideration of $500.00, which was paid to the Water District, is now estopped to claim that it was the owner of the land at the time of the sale, that no taxes were due at that time, and that no lien for taxes existed. Peters v. Clements, 46 Tex. 114.

■ The order of sale was not functus officio at the time it was executed. The fact that the order was dated on the typewriter December 1, 1924, and the four

stricken out and a "5" written with ink over it, did not render the order of sale invalid. The evidence shows nothing more than the four was a mistake and was changed to five.

■ It will be borne in mind that here we have a collateral attack upon a judicial foreclosure, where no presumptions of irregularity are indulged in—all proceedings in a judicial foreclosure are presumed to be regular. Rotge v. Murphy, Tex.Civ. App., 198 S.W.2d 932; Seymour v. Schwartz, Tex.Civ.App., 172 S.W.2d 138.

■ Appellants next complain that the sale to W. E. Pope was void because there was no return made by the sheriff on the order of sale. We overrule this contention. It constitutes a slight irregularity, not sufficient to render the sale subject to collateral attack. Harris v. Mayfield, Tex. Com.App., 260 S.W. 835; Tudor v. Orr, Tex.Civ.App., 179 S.W.2d 796; Cockrell v. Steffens, Tex.Civ.App., 284 S.W. 608.

The trial court properly concluded as a matter of law, as follows:

"The water district, having brought the foreclosure suit against W. E. Pope and having prosecuted it to conclusion by having the sheriff convey the property to W. E. Pope in consideration of $500.00 in cash, is estopped to contend that Pope acquired no title through the foreclosure proceeding." See our former opinion, Tex.Civ.App., 320 S. W.2d 29, 31.

The remaining contentions presented by appellants are sufficiently discussed in our former opinion and it would serve no useful purpose to reiterate them here.

All points raised by appellants on this appeal are overruled and the judgment of the trial court is in all things affirmed.