# APRIL, 1932

### V. W. MILLS v. MELVIN P. PITTS ET AL.

No. 5541.   Decided April 6, 1932.
(48 S. W., 2d Series, 941.)

*Austin Y. Bryan, Jr.,* of Houston, for plaintiff in error.

There being no written request to sell the lots separately, the sale of both lots as one would be valid.   Allen v. State Mort. Co., 19 S. W. (2d) 109; Masterson v. State, 17 Texas Civ. App., 91, 42 S. W., 1003; Ryon v. Davis, 32 Texas Civ. App., 500, 75 S. W., 59; Oppenheimer v. Reed, 11 Texas Civ. App., 367, 32 S. W., 325; Stevenson v. Mills, 14 S. W. (2d) 94.

*Hill & Harvey,* of Houston, for defendants in error.

The sheriff in making execution sale must do so in accordance with the judgment and order of the court, otherwise the

sale is void. Bailey v. Block, 104 Texas, 105, 134 S. W., 323; Richey v. Moor, 112 Texas, 493, 249 S. W., 172; McPhaul v. Byrd, 174 S. W., 645; Ball v. Carroll, 92 S. W., 1023; 34 C. J., 532; Rev. Stat., 1925, arts. 2218, 7506.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was an action of trespass to try title to lots 41½ and 42½ in the Allison Richey Gulf Coast Home Company's subdivision of section H of the James Hamilton survey in Harris county, brought by plaintiff in error V. M. Mills, against the defendants in error Melvin P. Pitts and others. Plaintiff in error also sued to remove the cloud cast on his title by the claim of defendants in error to said lots.

Plaintiff in error sought to establish title in himself superior to that of defendants in error under a common source. One of the links in the chain of title to plaintiff in error under the common source was a conveyance by certain trustees of the Equitable Trust Company to A. H. Kirby, trustee, of a number of parcels of land including those sued for, provided such parcels were "not heretofore conveyed by us as trustees." Another link in plaintiff in error's chain of title was a conveyance from A. H. Kirby, trustee, to J. C. Von Arx, trustee, conveying the lots in controversy with others, "except such lots, tracts, and parcels of land which have heretofore been conveyed by me as trustee as shown by the records in the various counties where such properties are situated, which records are here now referred to and made a part hereof for further description of said lots."

No evidence was offered to describe the lands conveyed by deeds recorded or unrecorded by the trustees of the Equitable Trust Company prior to the date of their conveyance to A. H. Kirby, trustee, nor to describe the lots conveyed by deeds recorded or unrecorded by Kirby, trustee, prior to the date of his deed to J. C. Von Arx, trustee.

Since a plaintiff in trespass to try title must recover on the strength of his own title, he can never recover by merely showing a claim under deeds to those parcels of land which remain unsold by the grantors on particular dates without any proof whatever of the specific parcels of land which were unsold.

After reviewing a number of cases announcing this rule the Supreme Court in an opinion by Mr. Justice Williams said:

"In these cases the deeds passed titles only to land not pre-

viously conveyed, and hence the plaintiffs, in order to show that the conveyances passed the lands sued for, were required to show that they had not been previously sold." Waggoner v. Dodson, 96 Texas, 421, 73 S. W., 518.

The proposition which is decisive here was correctly applied by the Galveston Court of Civil Appeals in the case of Ball v. Carroll, 92 S. W., 1025, 1026. In the opinion of the Court in that case, Mr. Justice Pleasants stated:

"The grantors in the deed to Stewart" (who were the heirs of the Zarcharies) "only undertake to convey that portion of the Rionda grant which had not been previously conveyed by their ancestors, and in order for appellant to show title to the land in controversy under this deed he must show it was not included in the lands mentioned in the deed as having been previously disposed of by the Zacharies, and which by the express terms of the deed were not conveyed to Stewart. This proof was not made nor attempted to be made. Maxwell Land Grant Co. v. Dawson, 151 U. S., 604, 14 Sup. Ct., 458, 38 L. ed., 279; Corinne Co. v. Johnson, 156 U. S., 575, 15 Sup. Ct., 409, 39 L. ed., 537; Waggoner v. Dodson, 96 Texas, 421, 73 S. W., 518."

To the same effect are the following Kentucky cases: ·Taylor v. Taylor, 3 A. K. Marsh., 18-20, 10 Ky., 944, 945; Guthrie v. Lewis' Devisees, 1 T. B. Mon., 142-144; Madison's Heirs v. Owens, 5 Littell (16 Ky.), 281, 282.

For the reason that plaintiff in error wholly failed to establish title in himself no other judgment than that of the Court of Civil Appeals could have been properly rendered.

Apart from the above mentioned defects in his chain of title, which precludes a recovery by plaintiff in error, he failed to establish that he held the superior title to the lots for which he sued. He dereigned title under a decree of foreclosure of a lien against the two lots in controversy ·for taxes for the year 1916. Referring to this decree of foreclosure, the opinion of the Court of Civil Appeals states: "It directs that both lots be sold under the order of sale in satisfaction of the gross amount found to be due for taxes on both lots. It is also shown that, in conformity to the order of sale issued upon such judgment, the officer sold both of the lots, jointly or in bulk in satisfaction of the judgment." On examination of the statement of facts, we find that the portion of the judgment decreeing the foreclosure of the tax lien reads as follows: "And it is adjudged and decreed that a lien (exists) against each of said tracts or parcels of land for the amount of the taxes, interest and costs herein adjudged to be due on the same, which lien

is hereby foreclosed as against said defendant on each of said tracts of land; and it is further ordered, adjudged and decreed that in default of payment of this judgment, interest and costs an order of sale be issued by the clerk of this court directed to the sheriff or any constable of Harris county, Texas, commanding such officer to seize, levy upon and advertise for sale as under execution, each of said tracts of land and sell the same to the highest bidder for cash as under execution." The judgment further authorized the subdivision of each tract into smaller tracts, should the defendant file with the officer making the sale a written request therefor.

The order of sale authorized and commanded the sheriff to sell not the tracts of land together but each tract separately, as decreed by the court.

The sheriff, however, disregarded the terms of both the decree of foreclosure and the order of sale and offered for sale and sold the two tracts not separately but as if they constituted one tract, and the plaintiff in error dereigns title through the sheriff's deed to the purchaser.

■ Nothing is better settled than that the authority of the sheriff to pass the judgment defendant's title at a sale under foreclosure by decree of court rests upon the decree and the order of sale. It is for this reason that the purchaser must introduce in evidence the decree of foreclosure and the order of sale in order to establish a valid divestiture of title out of the judgment defendant through a judicial foreclosure and sheriff's sale. If the decree and the order of sale fail to authorize such a sale as the sheriff undertook to make no title passes thereby Trevino v. Fernandez, 13 Texas, 667; Tudor v. Hodges, 71 Texas, 392; Richards v. Rule, 159 S. W., 389, 390, 207 S. W., 912.

As said by the Court of Civil Appeals at Dallas in Kruegel v. Cobb, 124 S. W., 726, 727: "Without proof of his power to sell, a sheriff's or constable deed must be treated as a nullity, and, unless it is supported by the judgment and execution, it will convey no title."

■ Here the court expressly directed the sale of each of two tracts of land for a very small sum of money. Instead of selling each tract, as commanded by the court's decree and the writ issued thereon, the sheriff, disregarding such command, attempted to sell both of the tracts. In so doing he acted without the court's authority and this being an involuntary sale, not supported by the judgment or order of sale, it is a nullity. We

can no more sanction the sale of two tracts together, when ordered sold one at a time, than we can the sale of forty tracts as one, when ordered sold tract after tract separately. Only by vitiating such sales can we maintain the court's power to protect the rights of judgment debtors and of other creditors. McKay v. Paris Exchange Bank, 75 Texas, 181, 12 S. W., 529, 530.

The rule governing foreclosure under judicial decree is stated in Corpus Juris to be: "In determining whether the property shall be sold as one entire tract or in separate parcels, the officer must follow the directions of the decree." 42 Corpus Juris, 200. In 16 Ruling Case Law, 45, it is said: "No departure from the manner in which the sale is directed to be made either under a judgment at law or a decree in equity is permitted * * * So, if the terms of the order of sale be violated, it follows that the purchase is not made under it and the title of the purchaser is not derived from it."

Mr. Jones in the sixth edition of his book on Mortgages, vol. 2, p. 561, sec. 1618, declares: "The court having ordered that the property shall be sold either in one lot or in separate parcels, the parties to the suit cannot by agreement disregard the order, and make a valid sale in any other manner."

Discussing the difference between the utter want of power on the part of a sheriff at an execution sale and the mere irregular exercise of power, the Supreme Court by Chief Justice Hemphill used this illustration, which seems pertinent here:

"The previous statute on the subject of executions had required, in case the land should be more than sufficient to pay the execution and costs, at two thirds of its appraised value, that the appraisers should take off, at one corner of the survey, so much as would, at the valuation, be sufficient to satisfy the execution and costs; and, thereupon the Sheriff should offer the land for sale, &c.; and whoever would pay the said execution, &c.; for the fewest number of acres, should be the purchaser. (Acts of 1839, p. 155, Sec. 15).

"These instructions, directing, in effect, that no more land than would be sufficient to pay the debt should be sold, were entirely omitted, in the Act under which the sale in question was had. It will not be questioned, that if the Sheriff had, under the former statute, sold all the land levied upon, notwithstanding two thirds of its appraised value exceeded the debt, and a portion sufficient for that purpose had been set off at one corner of the survey, or if he had sold more than the number of acres necessary, at the highest bid, to discharge the execu-

tion, the sale would have been radically defective and totally void; and this, upon the ground that the officer had transcended his authority, and his acts consequently, could have no more validity, in transferring the property of one person to another, than if, as a private citizen, he had sold property to which he had no right, title or interest." Howard v. North, 5 Texas, 313-315.

In a case cited in Chief Justice Hemphill's opinion in Howard v. North, supra, it is declared:

"But although a purchaser ought not to have his title impeached by irregularities of the officer, in which he has no concern, yet we conceive a purchaser is bound to look to the authority under which an officer acts, and if that fails in the officer, the purchaser can acquire no title." Isaac Patterson v. Carneal's Heirs, 3 A. K. Marsh, 620.

In accord with our conclusions is the decision in Meriwether v. Craig, 20 N. E., 769, as follows:

"It is charged in this complaint, as we understand it, that the decree issued to the sheriff ordered and directed him to sell the real estate therein described in parcels, selling the north half thereof first, and that, in violation of said order, the sheriff failed to offer the rents and profits of each parcel separately, and offered and sold the entire lot, in fee-simple, and not in separate parcels, as ordered by the court. In the case of Stotsenburg v. Same, 75 Ind., 538, it was held that a sale of real estate as an entirety, which is susceptible of a division and sale in parcels sufficient to satisfy the execution, is voidable, and may be set aside. It was formerly held that such a sale was void. Catlett v. Gilbert, 23 Ind., 614; Banks v. Bales, 16 Ind., 423. It is now held, however, that such sales are not void, but voidable only. Jones v. Association, 77 Ind., 340; Nelson v. Bronnenburg, 81 Ind., 193. In this case, however, the question of the divisibility of the property was not an open one. It was settled by the court rendering the decree, and the sheriff could not exercise any discretion in the matter. It was his duty to follow the demands of the decree, and he had no right to depart therefrom."

Wickes v. Odom, 74 Texas, 214, presented a case where a sheriff sold certain land of a judgment debtor under an order of sale, where neither such order of sale nor the decree of foreclosure on which it issued commanded the sale of such land. The court, in Chief Justice Stayton's opinion, observed that the officer "could only do that under the process held by him which it commanded, and determined that when an order of sale "is

issued and placed in the officer's hands his only duty is to see what are its commands, and if he finds them within the authority of the court he must obey them. But he can not go beyond those commands or question their regularity. If he is ordered to sell certain property the order gives him no authority to seize and sell other property."

It follows that the Court of Civil Appeals entered the correct judgment in denying plaintiff in error a recovery and its judgment is affirmed.