**STATE of Texas, Appellant,**

v.

**Mrs. Cardie RHODES et al., Appellees.**

No. 15618.

Court of Civil Appeals of Texas.

Dallas.

July 24, 1959.

Thomas G. Nash, Jr., Claude D. Bell, Sr., Milton Sturman and William J. Mayhew, Dallas, for appellant.

H. P. Kucera, City Atty., R. A. McBean and C. France McCoy, Asst. City Attys., Dallas, for appellee City of Dallas.

DIXON, Chief Justice.

This is an appeal by the State of Texas from a judgment setting aside a sheriff's deed executed by the Sheriff of Dallas County, Texas, following a tax foreclosure sale. The suit was instituted by the City of Dallas against the State of Texas, Bill Decker, Sheriff of Dallas County, Texas, and H. R. Fender, purchaser of certain property at the tax sale.

The city's petition and amended petition were denominated as motions in the trial court and they were filed under the same cause number as the original tax foreclosure suit. However in form and substance these pleadings are an original petition and a first amended petition. They constitute in themselves a separate suit from the original tax suit. The State of Texas, Bill Decker, Sheriff, and H. R. Fender, were represented by different attorneys and filed separate answers as defendants. The judgment appealed from recites that the defendants appeared in person and by attorneys and announced ready for trial on the merits. Following a trial before the court without a jury judgment was rendered setting aside the sheriff's deed and ordering the return of the purchase money to H. R. Fender. The court filed findings of fact and conclusions of law. The parties to this appeal treat the judgment appealed from as a final judgment rendered in a new cause of action separate and distinct from the original tax foreclosure suit. We believe they were correct in doing so, and that we therefore have jurisdiction of the appeal.

In the original tax foreclosure suit the State of Texas was the plaintiff and Cardie Rhodes and Annie Mae Jernigan were defendants. The City of Dallas was an intervenor. On July 31, 1958, the State of Texas was awarded a tax judgment for $209.59 delinquent taxes for the years 1948 through 1957 and the City of Dallas for $789.52 for the same period of time, making a total of $999.11 principal, to which interest and court cost must be added.

The tax judgment, in accordance with Art. 7345b, § 8, Vernon's Ann.Civ.St., directed that the property should not be sold to any person having any interest therein except to a plaintiff, for a less amount than $1,380, the adjudged value of the property, or the aggregate amount of taxes declared to be due, whichever might be the lower amount.

The order of sale issued in compliance with said tax judgment contained this instruction to the Sheriff: " * * * none of said tracts shall be sold to the owner of said tract directly or indirectly or to anyone having an interest therein or to any party other than a taxing unit which is a

party to this suit for less than the amount of the adjudged value of said tract or the aggregate amount of the judgments against said tract in said cause, whichever is lower; the said adjudged value or reasonable fair value of each of said tracts as set by this Court in accordance with the provisions of law is as follows: First Tract $1,380.00, * * *".

The property in question, after due notice, was offered for sale November 2, 1958, at which time there were no bidders, and again on December 2, 1958, at which time H. R. Fender was high bidder with a bid of $80. The sheriff accepted Fender's bid and thereafter executed a sheriff's deed conveying the property to Fender.

On December 9, 1958, the City of Dallas filed this suit to set aside the tax foreclosure sale and to declare it void, and to cancel the sheriff's deed. The grounds alleged were that the sale and deed were contrary to Art. 7345b, V.A.C.S., contrary to the judgment entered by the court in the tax foreclosure suit, and contrary to the provisions of the order of sale issued by the court authorizing the sale.

On January 30, 1959, the court rendered judgment in favor of the City of Dallas setting aside the tax foreclosure sale of December 2, 1958, cancelling the sheriff's deed to H. R. Fender, and ordering the Sheriff of Dallas County to return to Fender the $80 which he had paid for the property as highest bidder at the sale.

Appellant State of Texas in three points on appeal alleges that the trial court erred in rendering the judgment because (1) Art. 7345b, § 8, is a directory as distinguished from a mandatory provision and it applies only to proceedings prior to sale, and in no event authorizes the setting aside of a tax sale or sheriff's deed; (2) inadequacy of price provides no grounds for setting aside a tax sale; and (3) mere irregularities in proceedings will not make a tax sale and deed void.

Appellee City of Dallas in its brief in addition to one counterpoint submits to us its "Independent Counterproposition and Counterpoint", in which it takes the position that the trial court did not err in rendering judgment as it did because (a) the authority of the sheriff to sell land under a court's judgment comes from the order of sale, therefore it is immaterial whether Art. 7345b, § 8, V.A.C.S., is mandatory or directory; (b) the question of authority to sell is not one of mere inadequacy of price; if the authority for the sale requires that the sale be made for the amount of the taxes or more, a sale for less is without authority and void; and (c) the lack of authority is not a mere irregularity; and the provisions of the State Constitution and the Statutes, that a Sheriff's deed at a sale shall vest good and perfect title, will not save a void sale.

In its counterpoint the city contends that Art. 7345b, § 8, V.A.C.S., is mandatory and an attempted sale contrary to its terms is void.

We agree with the City of Dallas that the question whether Art. 7345b, § 8, V.A.C.S., is directory or mandatory is immaterial in this case. The sale must be declared void because the acceptance of Fender's bid of only $80 violated the terms of the court's judgment of foreclosure, and the express directions of the order of sale. In support of this holding we quote from the opinion in Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 942, 84 A.L.R. 319: "Nothing is better settled than the authority of the sheriff to pass the judgment defendant's title at a sale under foreclosure by decree of court rests upon the decree and the order of sale. It is for this reason that the purchaser must introduce in evidence the decree of foreclosure and the order of sale in order to establish a valid divestiture of title out of the judgment defendant through a judicial foreclosure and sheriff's sale. If the decree and order of sale fail to authorize such a sale as the sheriff undertook to

**704**

make, no title passes thereby. Trevino v. Fernandez, 13 Tex. [630] 667; Tudor v. Hodges, 71 Tex. 392, 9 S.W. 443; Rule v. Richards (Tex.Civ.App.) 159 S.W. 386, 389, 390; Id. (Tex.Com.App.) 207 S.W. 912."

We quote also from Brown v. Bonougli, 111 Tex. 275, 232 S.W. 490, 492: "Where the sheriff sells to satisfy a judicial foreclosure of a tax lien, his authority is no more derived entirely from the statutes than when he sells under an ordinary execution. The valid judgment of a court of competent jurisdiction and a writ for the enforcement of the judgment are essential to confer on the sheriff the power to sell." See also Nagel v. Taylor, Tex.Civ.App., 275 S.W.2d 561; Herbert v. Smith, Tex. Civ.App., 183 S.W.2d 191; Fink v. Grevsgard, Tex.Civ.App., 123 S.W.2d 383; and Houssels v. Taylor, 24 Tex.Civ.App. 72, 58 S.W. 190.

■ Appellant asserts that Art. 7345b, § 8, applies only to proceedings prior to a tax sale and that we must look to Art. 7328 and Art. 7330, V.A.C.S., for the effect of a tax deed. We are unable to agree with appellant. Art. 7345b, § 7, expressly provides for the issuance of an order of sale and that "the land shall be sold thereunder as in other cases of foreclosure of tax liens." Art. 7328, V.A.C.S., contains a provision almost identical with the above provisions. Moreover Section 13 of Art. 7345b, V.A. C.S., provides expressly that the Act is cumulative and additional to all other rights and remedies to which a taxing unit may be entitled, though it is to govern in case of conflict. We see no conflict in those parts of the Statutes which might have any bearing on the issues involved in this case.

We shall not pass on the question whether Art. 7345b, § 8, V.A.C.S., is mandatory or merely directory, for the question is immaterial to our decision in this case. We sustain appellee's "Independent Counterproposition and Counterpoint" and hold that because the sale was not held in compliance with the directions of the order of sale, the court properly rendered judgment setting aside the sale and cancelling the sheriff's deed to Fender. Appellant's second and third points on appeal are overruled for the reason that the legal principles relied on by appellant in the two points are not applicable in this case.

The judgment of the trial court is affirmed.