**CLINT INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**CASH INVESTMENTS, INC., Respondent.**

No. 97–0309.

Supreme Court of Texas.

Argued Jan. 8, 1998.

Decided June 5, 1998.

Raymond R. Gray, Randall Buck Wood, Ray Wood & Fine, Austin, Guy N. Fields, Fields & Healy, El Paso, for petitioner.

Steven L. Hughes, Clyde A. Pine, Jr., John S. Birkelbach, Mounce Green Myers Safi & Galatzan, El Paso, for respondent.

BAKER, Justice, delivered the opinion for a unanimous Court.

We consider whether a third-party bid at a tax foreclosure sale must comply with the Tax Code's minimum bid requirement and the trial court's foreclosure judgment and the order of sale for title in the property to pass to the bidder. We hold that the bid must comply. Because the court of appeals held otherwise, we reverse the court of appeals' judgment and render judgment for Clint I.S.D.

## I. FACTS AND PROCEDURAL HISTORY

### A. CLINT I.S.D.'S TAX FORECLOSURE SUIT

From 1980 to 1989, Clint I.S.D. assessed taxes against six tracts of land. The property owner did not pay the assessed taxes. Clint I.S.D. sued to collect the delinquent taxes, penalties, and interest, totaling $67,882.67.

In 1990, Clint I.S.D. obtained a judgment for $67,882.67, and for foreclosure of its tax liens. The trial court's judgment set the properties' aggregate market value at $1,126,334. *See* TEX. TAX CODE § 33.50(a)(requiring trial courts to determine market val-

ue). The judgment ordered the district clerk to issue an order of sale directing the sheriff or a constable to "seize, levy upon, and advertise" the properties' sale. The judgment authorized a sale to the highest cash bidder, "provided that none of said property shall be sold to any party, *other than a taxing unit which is a party to the suit* [Clint I.S.D.], for less than the amount of the market value of the property ... or the aggregate amount of the judgment against the property in said suit, whichever is lower...." (Emphasis added).

The district clerk issued an order of sale as the trial court's judgment required. The order of sale provides:

> [N]one of said property shall be sold to the owner of said property directly or indirectly, or to anyone having an interest therein, or to any party *other than a taxing unit which is a party to the suit* [Clint I.S.D.] for less than the amount of the adjudged value of the property or the aggregate amount of the judgment against the property in said suit.... (Emphasis added).

Later, the sheriff levied upon the properties and published a notice of sale.

### B. THE TAX FORECLOSURE SALE AND CASH'S BID

In 1991, the Sheriff conducted a tax foreclosure sale. Clint I.S.D. was not present at the sale. Cash made the highest cash bid of $360 for the properties. The deputy sheriff conducting the sale accepted Cash's bid. After receiving payment, the sheriff delivered a sheriff's deed for the properties to Cash.

Cash's purchase was subject to other delinquent taxes, including the City and County of El Paso. After Cash sought to pay the delinquent taxes, the tax assessor notified Clint I.S.D. about Cash's tender and requested Clint I.S.D. to release its tax liens. Clint I.S.D. refused to release its liens, and the tax assessor refused to accept Cash's payment.

### C. CASH'S DECLARATORY JUDGMENT SUIT

Cash sued for a declaratory judgment to determine the validity of its title. Clint I.S.D. answered that the sheriff should not have sold the properties to Cash for less than either the properties' adjudged market value of $1,126,334 or the judgment for $67,882.67 in outstanding taxes. The parties submitted the case to the trial court on written stipulations of fact, and limited uncontested testimonial and documentary evidence. The trial court held both the sheriff's sale and deed void and held that title did not pass to Cash.

The court of appeals found that former TEX. TAX CODE § 33.50(b) allowed Cash's bid and reversed the trial court's judgment.[1] The court of appeals held that the trial court erred by finding that the sheriff improperly sold the properties to Cash for less than the properties' adjudged market value or the amount of the judgment for the outstanding taxes. 940 S.W.2d 693.

### II. APPLICABLE LAW

Former Tax Code section 33.50(b), the statute in effect when the sheriff conducted the sale here, provided:

> [T]he order of sale shall specify that the property may not be sold to a person owning an interest in the property or to any party to the suit, other than a taxing unit, for less than the market value of the property stated in the judgment or the aggregate amount of the judgments against the property, whichever is less.

TEX. TAX CODE § 33.50(b)(Amended by Acts 1997, 75th Leg., ch. 914, § 5, eff. Sept. 1, 1997).[2] The statute sets a floor, but not a ceiling, on bids at a sale under the Tax Code.

■ A valid judgment, execution, and sale are required to pass title to property at an execution sale. *See 3–C Oil Co. v. Modesta Partnership*, 668 S.W.2d 741, 748 (Tex.

---

1. Justice Larsen dissented. 940 S.W.2d at 697.

2. After its 1997 amendment, section 33.50(b) provides:
 [T]he order of sale shall specify that the property may be sold to a taxing unit that is a party to the suit or any other person, other than a person owning an interest in the property or any party to the suit that is not a taxing unit, for the market value of the property stated in the judgment or the aggregate amount of the judgments against the property, whichever is less.
 TEX. TAX CODE § 33.50(b).

App.—Austin 1984, writ ref'd n.r.e.). An order of sale, as a writ of execution, is a process of the court from which it is issued. *See* TEX.R. CIV. P. 622. The foreclosure judgment and the order of sale establish the sheriff's authority to sell, the manner of sale, and the terms of the sale. *See Mills v. Pitts,* 121 Tex. 196, 48 S.W.2d 941, 942 (1932); *Volunteer Council of Denton State Sch., Inc. v. Berry,* 795 S.W.2d 230, 238 (Tex.App.—Dallas 1990, writ denied); *State v. Rhodes,* 327 S.W.2d 701, 703 (Tex.Civ.App.—Dallas 1959, no writ). If the sheriff acts outside the authority conferred by the foreclosure judgment and the order of sale, the sale is void and title does not pass. *See Berry,* 795 S.W.2d at 238; *Rhodes,* 327 S.W.2d at 703.

### III. ANALYSIS

■ Here, Clint I.S.D. brought the foreclosure suit and obtained a judgment. That judgment directed the sheriff to sell to the highest cash bidder, provided that the properties could not be sold to any party, other than "a taxing unit which is a party to the suit," for less than the properties' adjudged market value or the aggregate amount of the judgment for outstanding taxes. Thus, the trial court's judgment established a minimum bid for all bidders except Clint I.S.D. The order of sale, as the judgment required, also prohibited the sheriff from selling the properties to any party, except Clint I.S.D., for less than the minimum bid.

The phrase "any party other than a taxing unit which is a party to the suit" is not ambiguous. In both the judgment and the order of sale, "taxing unit" is modified by "party to the suit," clearly identifying Clint I.S.D. as the only entity that may purchase the properties for less than the minimum bid. This minimum bid restriction applied to all other bidders, including Cash.

■ Cash argues that the court of appeals correctly held that former Tax Code section 33.50(b) controls and allows the sheriff to sell to third parties for less than the judgment and order of sale's minimum bid. We disagree. TEX.REV.CIV. STAT. art. 7345b, the predecessor to TEX. TAX CODE § 33.50(b), clearly provided that the minimum bid ap-

plied to anyone save a taxing unit which was a party to the suit.

> No property shall be sold for taxes under decree in such a suit to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party other than the taxing unit which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, which ever is lower.

TEX.REV.CIV. STAT. art. 7345b. Based on this language, a sheriff could not sell to a third party for less than the minimum bid.

In 1979, the Texas Legislature adopted TEX. TAX CODE § 33.50(b), the applicable statute here, which provides that:

> [T]he order of sale shall specify that the property may not be sold to a person owning an interest in the property or to any party *to the suit,* other than a taxing unit, for less than the market value of the property stated in the judgment or the aggregate amount of the judgments against the property, whichever is less.

TEX. TAX CODE § 33.50(b)(emphasis added). The Legislature added the phrase "to the suit" after the phrase "or to any party." It appears that the wording of this statute allows a broad class of bidders to purchase the property for less than the minimum bid. However, this statute should not be strictly interpreted because: (1) it is clear from the legislative history that the Legislature did not intend for former section 33.50(b) to alter the effect of former article 7345b to allow bids below the minimum bid requirement, and (2) the rules of statutory construction do not allow strict interpretation of former section 33.50(b) because it would directly conflict with section 34.01(c) of the Tax Code.

When construing a code enacted by the 60th or a subsequent Legislature, courts may consider, among other matters, legislative history. *See* TEX. GOV'T CODE §§ 311.002, 311.023. There is no indication that the Legislature intended to make substantive changes when it recodified section 33.50(b) in 1979.

In 1977, the Texas Legislative Council prepared a Proposed Property Tax Code for the Legislature. *See* Tex. Legis. Council, Proposed Prop. Tax Code, Report No. 64–2 (1977). In its report, the Council stated that only non-substantive changes would be made. Specifically, the report stated that "[t]he procedures and safeguards in delinquent tax suits are unchanged, except for some modernization and for the elimination of archaic and conflicting laws." Tex. Legis. Council, Proposed Prop. Tax Code, Report No. 64–2 at xviii. In 1979, the Legislature adopted the changes proposed by the Council, including former section 33.50(b). The Legislature's adoption of the proposed provisions without modification is telling, and indicates an intent to make only non-substantive changes in the law. The 1997 modification of section 33.50(b) is also instructive. The current version of section 33.50(b), like former article 7345b, clearly makes the minimum bid applicable to third parties.

 Further, courts should not assign a meaning to a provision that would be inconsistent with other provisions of the act. *See Barr v. Bernhard,* 562 S.W.2d 844, 849 (Tex. 1978); *Carr v. Hunt,* 651 S.W.2d 875, 881 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). A literal reading of former section 33.50(b), like Cash urges, would directly conflict with TEX. TAX CODE § 34.01(c). TEX. TAX CODE § 34.01(c) provides that:

> If a sufficient bid is not received, the officer making the sale shall bid the property off to a taxing unit that is a party to the judgment for the aggregate amount of the judgment against the property or for the market value of the property as specified in the judgment, whichever is less.

TEX. TAX CODE § 34.01(c). Section 34.01(c) is written broadly, and, contrary to the court of appeals' holding, does not limit the sufficient bid requirement to a party to the suit or parties with an interest in the property.[3] With this in mind, we find that an insufficient bid is one that falls short of the minimum bid. *See Danciger v. State,* 140 Tex. 252, 166

S.W.2d 914, 915 (1942) (interpreting the predecessor to section 34.01(c) which was substantially the same as the provision at issue here). A literal reading of former section 33.50(b), which would allow third parties to purchase property for less than the minimum bid, would render section 34.01(c)'s "sufficient bid" requirement a nullity. Moreover, such an interpretation would strip the taxing unit of its right to take the property under section 34.01(c) because any bid by a third party could be deemed sufficient. Reading former section 33.50(b) in light of section 34.01(c), we find that the minimum bid requirement applies to any bidder. Contrary to Cash's argument, former section 33.50(b) does not allow the sheriff to sell for less than the minimum bid, and thus does not allow the sale to Cash.

*Rhodes* is also instructive. *See Rhodes,* 327 S.W.2d at 701. In *Rhodes,* the court set aside a tax foreclosure sale when the sheriff sold property to a third party for less than the minimum bid the order of sale required. *See Rhodes,* 327 S.W.2d at 703. The order of sale instructed the sheriff:

> [N]one of the tracts shall be sold to the owner ... directly or indirectly or to any one having an interest therein or to any party other than a taxing unit which is a party to this suit for less than the amount of the adjudged value ... or the aggregate amount of the judgments. . . .

*Rhodes,* 327 S.W.2d at 702–03. The trial court construed the order of sale to mean that the minimum bid requirement was binding on everyone except a taxing unit that was a party to the suit. *See Rhodes,* 327 S.W.2d at 703.

In upholding the trial court's decision, the *Rhodes* court found that the trial court's judgment and the clerk's order of sale imposed a minimum bid on all parties except the taxing unit that was a party to the suit. The *Rhodes* court declared the sale void because accepting the third party's bid violated the court's foreclosure judgment and the order of sale. *See Rhodes,* 327 S.W.2d at 703.

---

3. In 1995, the Legislature created an exception to bidding requirements for charitable organizations. *See* TEX. TAX CODE § 34.01(e). This exception was not available at the time of the sale here in 1991 nor does Cash claim to be a charitable organization. *See* TEX. TAX CODE §§ 11.18(c), 11.181.

"The authority of the sheriff to pass ... title at a sale under foreclosure by decree of court rests upon the decree and the order of sale." *Rhodes,* 327 S.W.2d at 703 (quoting *Mills,* 48 S.W.2d at 942). If the trial court's judgment and order of sale do not authorize a particular sale, such as the one the sheriff attempted here, title does not pass. *See Rhodes,* 327 S.W.2d at 702. It is essential that the sheriff act according to a valid judgment and order of sale "to confer on the sheriff the power to sell." *Rhodes,* 327 S.W.2d at 704 (quoting *Brown v. Bonougli,* 111 Tex. 275, 232 S.W. 490, 492 (1921)); *see also Berry,* 795 S.W.2d at 238.

Like in *Rhodes,* the tax sale here did not comply with the foreclosure judgment or the order of sale. *See Rhodes,* 327 S.W.2d at 704. The language of the foreclosure judgment and the order of sale in this case is nearly identical to that in *Rhodes,* imposing a minimum bid on all bidders, except Clint I.S.D. We also find the legislative history to the version of section 33.50(b) at issue here as well as the new statute instructive about the Legislature's intent about minimum bidding at foreclosure sales. Our opinion today is consistent with both *Rhodes* and legislative intent. Because the sheriff did not follow the terms of the foreclosure judgment and the order of sale, the sale to Cash was void. Therefore, the trial court properly set aside the sale and canceled the sheriff's deed.

### IV. CONCLUSION

The trial court properly declared that the sheriff's sale was void and that title did not pass to Cash. Accordingly, we reverse the court of appeals' judgment and render judgment for Clint I.S.D.