TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN









NO. 03-04-00443-CV






James Howard Myers, Appellant


v.


State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. GV201709, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





O P I N I O N



 In this appeal, we are asked to determine whether the agent of a club holding a mixed
beverage permit is liable for mixed-beverage taxes assessed by the Texas Comptroller of Public
Accounts. James Howard Myers was one of two officers of Little G's, a club that obtained permits
from the state to serve alcohol. The tax code requires a mixed-beverage "permittee" to pay taxes on
the sale of alcohol. Tex. Tax Code Ann. § 183.021 (West 2002). Myers admits that he was an agent
of Little G's but contends that, under the tax code, permittee refers only to the permit holder and not
to its agents. The trial court granted summary judgment in favor of the State and entered a judgment
against Myers and the other officer (1) in the amount of $64,218.99 for the tax due, including interest
and penalties, plus $3,000 in attorneys' fees. We find that the definition of permittee in the tax code
does not unambiguously define who may be held liable for the mixed-beverage tax. Therefore, we
refer to the Comptroller's rule concerning administration of the mixed-beverage tax, which states
that only the permit holder may be liable for the tax. See 34 Tex. Admin. Code § 3.1001(a)(6)
(2005). Consequently, we reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion. 


BACKGROUND

 Little G's was formed for the purpose of providing "pleasure, entertainment, and
recreation" to its members. The club's rules specifically state that the association would be governed
by two officers--a president and a secretary. The club's rules required that these officers prepare
and file an application with the Texas Alcoholic Beverage Commission (the "Commission") for the
following permits for the sale of mixed beverages: a private club registration permit, a private club
late hours permit, and a beverage cartage.

 Myers, the secretary of the club, and club president Veda Renee Rowell signed the
application for these permits. The Commission requires an applicant for a private club permit to
submit to a criminal background check. In addition to the background check, an applicant must
provide notice of his intent to obtain or renew a permit and must complete a publisher's affidavit
enclosing a copy of the published notice. The notice must state the type of permit applied for, the
location of the place of business, the name and title of each officer, and any assumed or trade name. 
Myers submitted and signed a personal history sheet that subjected him to the required criminal
background check. Little G's published notice listed Myers as the secretary of the association. After
Little G's satisfied the application requirements, the Commission granted the mixed-beverage
permits on April 15, 1998. The permits were subsequently renewed in 1999, 2000, and 2001. Myers
continued to act as an agent of Little G's in the renewal process. 

 Section 183 of the tax code imposes a tax on the gross receipts a permittee receives
from the sale of mixed beverages. (2) Tex. Tax Code Ann. § 183.021. In addition, a permittee is
required to file a tax return stating its total gross receipts and to pay the Comptroller the amount due. 
Tex. Tax Code Ann. §§ 183.022(b), 183.023 (West 2002). 

 The Comptroller audited the association in 2000 for the period of April 1, 1998,
through October 31, 2000, and established a mixed-beverage tax liability in the amount of
$45,381.05. The total tax liability involved in this suit also included estimated monthly tax returns
beginning August 1, 2001, and ending October 31, 2001. The State filed suit on June 10, 2002,
against Rowell and Myers, alleging that they were liable under the provisions of chapter 183 of the
tax code for the mixed-beverage gross receipts taxes, interest, and penalties. (3) 

 In its amended motion for summary judgment, the State asserted that Rowell and
Myers were liable for the taxes due because the tax code specifically incorporates the definition of
permittee in section 1.04 of the alcoholic beverage code. See Tex. Tax Code Ann. § 183.001(a)
(West 2002). The alcoholic beverage code defines permittee as "a person who is the holder of a
permit provided for in this code, or an agent, servant, or employee of that person." Tex. Alco. Bev.
Code Ann. § 1.04(11) (West 1995). In response to the State's contention, Myers urged that the tax
code's definition of permittee in section 183.001(b)(1), which does not mention agents, is controlling
because it is the more specific definition of a permittee. See Tex. Tax Code Ann. § 183.001(b)(1)
(West 2002). The trial court granted summary judgment in favor of the State. 


DISCUSSION

 On appeal, Myers contends that the State relied on the more general definition of
permittee in the alcoholic beverage code, rather than the more specific definition of permittee in the
tax code that refers only to the permit holder and not its agents. Myers asserts that, as an agent of
a mixed-beverage permit holder, he is not subject to liability for unpaid mixed-beverage gross
receipts taxes. 

 In deciding this case, we must determine whether the definition of permittee in the
tax code, which incorporates the definitions in the alcoholic beverage code, is meant to include a
permit holder's agent. Issues of statutory construction are legal questions, thus we review a trial
court's construction of a statute de novo. In re Forlenza, 140 S.W.3d 373, 376 (Tex. 2004). In
construing a statute, our ultimate purpose is to discover and give effect to the legislature's intent in
enacting it. In re Canales, 52 S.W.3d 698, 702 (Tex. 2001). We presume that the legislature
intended a just and reasonable result in enacting a statute and that the entire statute is intended to be
effective. Tex. Gov't Code § 311.021(2), (3) (West 2005); see also Meritor Auto., Inc. v. Ruan
Leasing Co., 44 S.W.3d 86, 90 (Tex. 2001). In determining legislative intent, we should consider
the entire statute, not merely confine our review to words, phrases, or clauses in isolation. Meritor,
44 S.W.3d at 90. Courts should not assign a meaning to a provision that would be inconsistent with
other provisions of the act. Clint Indep. Sch. Dist. v. Cash Invs., Inc., 970 S.W.2d 535, 539 (Tex.
1998). We should not give one provision a meaning out of harmony or inconsistent with other
provisions, although it might be susceptible to such a construction standing alone. Helena Chem.
Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001).

 The portion of the tax code under review here is the definition section of chapter 183.
Section 183.001 provides in pertinent part:


(a) The definitions in Section 1.04, Alcoholic Beverage Code, apply to this chapter.


(b) In this chapter: 


 (1) "Permittee" means a mixed beverage permittee, a private club registration
permittee, a private club exemption certificate permittee, a private club late
hours permittee, a daily temporary private club permittee, a private club
registration permittee holding a food and beverage certificate, a daily
temporary mixed beverage permittee, a mixed beverage late hours
permittee, a mixed beverage permittee holding a food and beverage
certificate, or a caterer permittee. 



Tex. Tax Code Ann. § 183.001(a)-(b)(1). 

 Section 1.04 of the alcoholic beverage code, which is expressly incorporated into
section 183.001 of the tax code, provides a more expansive definition of a permittee as "a person
who is the holder of a permit provided for in this code, or an agent, servant, or employee of that
person." Tex. Alco. Bev. Code Ann. § 1.04(11). Myers insists that a conflict arises between the
definition set forth in the alcoholic beverage code's definition of permittee, which includes agents,
and section 183.001(b)(1), which does not. 

 In considering the entire statute, we find that the two definitions of permittee
incorporated into the tax code--the definition from the alcoholic beverage code and the tax code's
additional definition--are inconsistent. If the meaning of a provision is doubtful or ambiguous, the
construction placed upon a statutory provision by the agency charged with its implementations is
entitled to serious consideration. Tex. Gov't Code Ann. § 311.023(6) (West 2005); Texas Water
Comm'n v. Brushy Creek Mun. Util. Dist., 917 S.W.2d 19, 21 (Tex. 1996). Therefore, we turn to
the rules promulgated by the Comptroller concerning the assessment of the mixed-beverage tax. 

 Construction of a statute by an administrative agency charged with its enforcement
is entitled to consideration as long as it is reasonable and does not conflict with the plain language
of the statute. Tarrant Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993). Courts should
construe administrative rules like statutes and, unless the rule is ambiguous, follow the rule's clear
language. Rodriguez v. Service Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex. 1999). Courts should
defer to an agency's interpretation of its own rules, unless the agency's interpretation is inconsistent
with the regulation. Id. at 254-55. If an agency does not follow the unambiguous language of its
own rules, we must consider its actions arbitrary and capricious. Id. at 255. Allowing an agency to
create broad amendments to its rules through adjudication, rather than through its rule making
authority, effectively undercuts the Administrative Procedures Act. See Tex. Gov't Code Ann.
§ 2001.001-.038 (West 2000 & Supp. 2004-05); Rodriguez, 997 S.W.2d at 255-56. 

 In this case, the Comptroller urges a definition of a permittee that conflicts with one
of its own rules. See 34 Tex. Admin. Code § 3.1001(a)(6). The Comptroller's rule concerning the
tax administration of the mixed-beverage tax defines permittee as: 


A holder of a mixed beverage permit, a mixed beverage late hours permit, a mixed
beverage permit holding a food and beverage certificate, a daily temporary mixed
beverage permit, a private club registration permit, a private club exemption
certificate permit, a private club late hours permit, a daily temporary private club
permit, a private club registration permit holding a food and beverage certificate, or
a caterer's permit issued by the Texas Alcoholic Beverage Commission (TABC).



Id. (emphasis added). The Comptroller's rule is unambiguous and does not include agents. It
presents a reasonable construction of the tax code by defining permittee in a manner that resolves
any conflict between the definitions of permittee in the tax code and the alcoholic beverage code. 
Therefore, we defer to the Comptroller's rule concerning who may be assessed the mixed-beverage
tax. The assessment of the tax against Myers, as agent of a permit holder, conflicts with the rule.

 Furthermore, because this case involves the construction of a tax statute, to the extent
that there is any doubt concerning the construction of the tax code, courts should strictly construe
the applicability of taxation against the taxing authority and in favor of the taxpayer. See Calvert
v. Texas Pipeline Co., 517 S.W.2d 777, 781 (Tex. 1974); Texas Utils. Elec. Co. v. Sharp, 962
S.W.2d 723, 726 (Tex. App.--Austin 1998, pet. denied). 

 Considering that ambiguous tax statutes are construed in favor of the taxpayer, and
applying the unambiguous language of the Comptroller's rule, we hold that Myers, as an agent of
a permit holder, is not a holder subject to the tax imposed on mixed-beverage permittees. Therefore,
we reverse the judgment of the trial court. 


CONCLUSION

 We reverse the summary judgment granted in favor of the Comptroller. Because
Myers did not have a competing motion for summary judgment, we remand for further proceedings
consistent with this opinion. 



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: July 12, 2005 
1. The other officer, Veda Renee Rowell, did not appeal the judgment. 
2. Section 183.021 provides:


A tax at the rate of 14 percent is imposed on the gross receipts of a permittee
received from the sale, preparation, or service of mixed beverages or from the
sale, preparation, or service of ice or nonalcoholic beverages that are sold,
prepared, or served for the purpose of being mixed with an alcoholic beverage
and consumed on the premises of the permittee.


Tex. Tax Code Ann. § 183.021 (West 2002).
3. Myers argues that an officer of an unincorporated association is not liable for its tax debt. 
In its amended motion for summary judgment, the State abandoned its attempt to impose liability
based on Myers's status as an officer and focused solely on his status as an agent. Because the
summary judgment is based on the State's amended motion for summary judgment, his liability as
an officer is not relevant to this appeal.