# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00443-CV

**James Howard Myers, Appellant**

**v.**

**State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. GV201709, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## O P I N I O N

In this appeal, we are asked to determine whether the agent of a club holding a mixed beverage permit is liable for mixed-beverage taxes assessed by the Texas Comptroller of Public Accounts. James Howard Myers was one of two officers of Little G's, a club that obtained permits from the state to serve alcohol. The tax code requires a mixed-beverage "permittee" to pay taxes on the sale of alcohol. Tex. Tax Code Ann. § 183.021 (West 2002). Myers admits that he was an agent of Little G's but contends that, under the tax code, permittee refers only to the permit holder and not to its agents. The trial court granted summary judgment in favor of the State and entered a judgment against Myers and the other officer[1] in the amount of $64,218.99 for the tax due, including interest and penalties, plus $3,000 in attorneys' fees. We find that the definition of permittee in the tax code

---

[1] The other officer, Veda Renee Rowell, did not appeal the judgment.

does not unambiguously define who may be held liable for the mixed-beverage tax. Therefore, we refer to the Comptroller's rule concerning administration of the mixed-beverage tax, which states that only the permit holder may be liable for the tax. *See* 34 Tex. Admin. Code § 3.1001(a)(6) (2005). Consequently, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## BACKGROUND

Little G's was formed for the purpose of providing "pleasure, entertainment, and recreation" to its members. The club's rules specifically state that the association would be governed by two officers—a president and a secretary. The club's rules required that these officers prepare and file an application with the Texas Alcoholic Beverage Commission (the "Commission") for the following permits for the sale of mixed beverages: a private club registration permit, a private club late hours permit, and a beverage cartage.

Myers, the secretary of the club, and club president Veda Renee Rowell signed the application for these permits. The Commission requires an applicant for a private club permit to submit to a criminal background check. In addition to the background check, an applicant must provide notice of his intent to obtain or renew a permit and must complete a publisher's affidavit enclosing a copy of the published notice. The notice must state the type of permit applied for, the location of the place of business, the name and title of each officer, and any assumed or trade name. Myers submitted and signed a personal history sheet that subjected him to the required criminal background check. Little G's published notice listed Myers as the secretary of the association. After Little G's satisfied the application requirements, the Commission granted the mixed-beverage

2

permits on April 15, 1998. The permits were subsequently renewed in 1999, 2000, and 2001. Myers continued to act as an agent of Little G's in the renewal process.

Section 183 of the tax code imposes a tax on the gross receipts a permittee receives from the sale of mixed beverages.[2] Tex. Tax Code Ann. § 183.021. In addition, a permittee is required to file a tax return stating its total gross receipts and to pay the Comptroller the amount due. Tex. Tax Code Ann. §§ 183.022(b), 183.023 (West 2002).

The Comptroller audited the association in 2000 for the period of April 1, 1998, through October 31, 2000, and established a mixed-beverage tax liability in the amount of $45,381.05. The total tax liability involved in this suit also included estimated monthly tax returns beginning August 1, 2001, and ending October 31, 2001. The State filed suit on June 10, 2002, against Rowell and Myers, alleging that they were liable under the provisions of chapter 183 of the tax code for the mixed-beverage gross receipts taxes, interest, and penalties.[3]

---

[2] Section 183.021 provides:

> A tax at the rate of 14 percent is imposed on the gross receipts of a permittee received from the sale, preparation, or service of mixed beverages or from the sale, preparation, or service of ice or nonalcoholic beverages that are sold, prepared, or served for the purpose of being mixed with an alcoholic beverage and consumed on the premises of the permittee.

Tex. Tax Code Ann. § 183.021 (West 2002).

[3] Myers argues that an officer of an unincorporated association is not liable for its tax debt. In its amended motion for summary judgment, the State abandoned its attempt to impose liability based on Myers's status as an officer and focused solely on his status as an agent. Because the summary judgment is based on the State's amended motion for summary judgment, his liability as an officer is not relevant to this appeal.

In its amended motion for summary judgment, the State asserted that Rowell and Myers were liable for the taxes due because the tax code specifically incorporates the definition of permittee in section 1.04 of the alcoholic beverage code. *See* Tex. Tax Code Ann. § 183.001(a) (West 2002). The alcoholic beverage code defines permittee as "a person who is the holder of a permit provided for in this code, or an agent, servant, or employee of that person." Tex. Alco. Bev. Code Ann. § 1.04(11) (West 1995). In response to the State's contention, Myers urged that the tax code's definition of permittee in section 183.001(b)(1), which does not mention agents, is controlling because it is the more specific definition of a permittee. *See* Tex. Tax Code Ann. § 183.001(b)(1) (West 2002). The trial court granted summary judgment in favor of the State.

## DISCUSSION

On appeal, Myers contends that the State relied on the more general definition of permittee in the alcoholic beverage code, rather than the more specific definition of permittee in the tax code that refers only to the permit holder and not its agents. Myers asserts that, as an agent of a mixed-beverage permit holder, he is not subject to liability for unpaid mixed-beverage gross receipts taxes.

In deciding this case, we must determine whether the definition of permittee in the tax code, which incorporates the definitions in the alcoholic beverage code, is meant to include a permit holder's agent. Issues of statutory construction are legal questions, thus we review a trial court's construction of a statute de novo. *In re Forlenza*, 140 S.W.3d 373, 376 (Tex. 2004). In construing a statute, our ultimate purpose is to discover and give effect to the legislature's intent in enacting it. *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). We presume that the legislature

4

intended a just and reasonable result in enacting a statute and that the entire statute is intended to be effective. Tex. Gov't Code § 311.021(2), (3) (West 2005); *see also Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001). In determining legislative intent, we should consider the entire statute, not merely confine our review to words, phrases, or clauses in isolation. *Meritor*, 44 S.W.3d at 90. Courts should not assign a meaning to a provision that would be inconsistent with other provisions of the act. *Clint Indep. Sch. Dist. v. Cash Invs., Inc.*, 970 S.W.2d 535, 539 (Tex. 1998). We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

The portion of the tax code under review here is the definition section of chapter 183. Section 183.001 provides in pertinent part:

(a) The definitions in Section 1.04, Alcoholic Beverage Code, apply to this chapter.

(b) In this chapter:

(1) "Permittee" means a mixed beverage permittee, a private club registration permittee, a private club exemption certificate permittee, a private club late hours permittee, a daily temporary private club permittee, a private club registration permittee holding a food and beverage certificate, a daily temporary mixed beverage permittee, a mixed beverage late hours permittee, a mixed beverage permittee holding a food and beverage certificate, or a caterer permittee.

Tex. Tax Code Ann. § 183.001(a)-(b)(1).

Section 1.04 of the alcoholic beverage code, which is expressly incorporated into section 183.001 of the tax code, provides a more expansive definition of a permittee as "a person

who is the holder of a permit provided for in this code, or an agent, servant, or employee of that person." Tex. Alco. Bev. Code Ann. § 1.04(11). Myers insists that a conflict arises between the definition set forth in the alcoholic beverage code's definition of permittee, which includes agents, and section 183.001(b)(1), which does not.

In considering the entire statute, we find that the two definitions of permittee incorporated into the tax code—the definition from the alcoholic beverage code and the tax code's additional definition—are inconsistent. If the meaning of a provision is doubtful or ambiguous, the construction placed upon a statutory provision by the agency charged with its implementations is entitled to serious consideration. Tex. Gov't Code Ann. § 311.023(6) (West 2005); *Texas Water Comm'n v. Brushy Creek Mun. Util. Dist.*, 917 S.W.2d 19, 21 (Tex. 1996). Therefore, we turn to the rules promulgated by the Comptroller concerning the assessment of the mixed-beverage tax.

Construction of a statute by an administrative agency charged with its enforcement is entitled to consideration as long as it is reasonable and does not conflict with the plain language of the statute. *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993). Courts should construe administrative rules like statutes and, unless the rule is ambiguous, follow the rule's clear language. *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999). Courts should defer to an agency's interpretation of its own rules, unless the agency's interpretation is inconsistent with the regulation. *Id.* at 254-55. If an agency does not follow the unambiguous language of its own rules, we must consider its actions arbitrary and capricious. *Id.* at 255. Allowing an agency to create broad amendments to its rules through adjudication, rather than through its rule making

6

authority, effectively undercuts the Administrative Procedures Act. *See* Tex. Gov't Code Ann. § 2001.001-.038 (West 2000 & Supp. 2004-05); *Rodriguez*, 997 S.W.2d at 255-56.

In this case, the Comptroller urges a definition of a permittee that conflicts with one of its own rules. *See* 34 Tex. Admin. Code § 3.1001(a)(6). The Comptroller's rule concerning the tax administration of the mixed-beverage tax defines permittee as:

> A *holder* of a mixed beverage permit, a mixed beverage late hours permit, a mixed beverage permit holding a food and beverage certificate, a daily temporary mixed beverage permit, a private club registration permit, a private club exemption certificate permit, a private club late hours permit, a daily temporary private club permit, a private club registration permit holding a food and beverage certificate, or a caterer's permit issued by the Texas Alcoholic Beverage Commission (TABC).

*Id.* (emphasis added). The Comptroller's rule is unambiguous and does not include agents. It presents a reasonable construction of the tax code by defining permittee in a manner that resolves any conflict between the definitions of permittee in the tax code and the alcoholic beverage code. Therefore, we defer to the Comptroller's rule concerning who may be assessed the mixed-beverage tax. The assessment of the tax against Myers, as agent of a permit holder, conflicts with the rule.

Furthermore, because this case involves the construction of a tax statute, to the extent that there is any doubt concerning the construction of the tax code, courts should strictly construe the applicability of taxation against the taxing authority and in favor of the taxpayer. *See Calvert v. Texas Pipeline Co.*, 517 S.W.2d 777, 781 (Tex. 1974); *Texas Utils. Elec. Co. v. Sharp*, 962 S.W.2d 723, 726 (Tex. App.—Austin 1998, pet. denied).

Considering that ambiguous tax statutes are construed in favor of the taxpayer, and applying the unambiguous language of the Comptroller's rule, we hold that Myers, as an agent of

7

a permit holder, is not a holder subject to the tax imposed on mixed-beverage permittees.  Therefore, we reverse the judgment of the trial court.

## CONCLUSION

We reverse the summary judgment granted in favor of the Comptroller.  Because Myers did not have a competing motion for summary judgment, we remand for further proceedings consistent with this opinion.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed:   July 12, 2005