Reversed and Remanded and Memorandum Opinion filed October 23, 2007








Reversed and
Remanded and Memorandum
Opinion filed October 23, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01147-CV

____________

 

CITY OF ALVIN, Appellant

 

V.

 

SALLIE ZINDLE, Appellee

 



 

On Appeal from the 239th
District Court

Brazoria County, Texas

Trial Court Cause No. 32714

 



 

M E M O R A N D U M   O P I N I O N

The City of Alvin appeals from a summary judgment favoring
Sallie Zindle in a declaratory judgment action to determine ownership of
mineral rights.  The trial court granted Zindle=s motion for
summary judgment and denied Alvin=s motion, thus
awarding the property interest to Zindle.  We reverse and remand.








Background

In 1989, Alvin, on its own behalf and on behalf of other
taxing authorities, filed an action seeking to foreclose a tax lien on property
owned by Zindle in Brazoria County.  In 1991, the trial court in this
underlying action issued a default judgment favoring Alvin and authorizing a
foreclosure sale of the property.  Alvin subsequently purchased the property at
the foreclosure sale administered by the Brazoria County Sheriff.  Although it
is undisputed that property was foreclosed upon and sold, neither the judgment
of foreclosure nor the order of sale appears in the record before us.  The
record contains a sheriff=s deed conveying certain property to
Alvin; the deed describes the surface acreage sold but does not mention whether
any associated mineral rights were intended to be included in the conveyance. 
In the present action, the parties have stipulated that since before the time
of the tax foreclosure proceedings, a producing oil and gas lease existed on
the property.  Zindle was a successor in interest to the original lessor.  The
parties have further stipulated that Zindle=s royalty interest
in the property (established through the lease) was taxed separately from the
surface estate.  At some point prior to the filing of the present lawsuit,
Alvin asserted that it owns the minerals (or at least the royalty interest and
right of reverter) in the land in question.  In March 2005, Zindle filed the
present action seeking a declaratory judgment that she, and not Alvin, owns the
royalty interest and right of reverter.  As stated, the trial court granted
Zindle=s motion for
summary judgment and denied Alvin=s motion.

Discussion








We review all summary judgments de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Because both
parties filed traditional motions for summary judgment under rule 166a(c), the
usual standard of review for such judgments applies.  See Tex. R. Civ. P. 166a(c); Randall=s Food Mkts., Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  To be entitled to judgment, the
moving party must establish that no material fact issues exist and that it is
entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); M.D. Anderson Hosp. and Tumor Inst. v. Willrich,
28 S.W.3d 22, 23 (Tex. 2000).  When, as here, both parties have moved for
summary judgment, the appealing party may challenge the denial of its own
motion as well as the judgment in favor of the prevailing party.  CU Lloyd=s of Tex. v.
Feldman, 977 S.W.2d 568, 569 (Tex. 1998).  We are to review the summary
judgment proof submitted by both parties, and if the proof allows, we determine
all questions presented and render the judgment that the trial court should
have rendered.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d
868, 872 (Tex. 2000).








It is well-established that a sheriff=s deed is no
evidence of title absent the judgment of foreclosure and order of sale.  E.g.,
Mills v. Pitts, 48 S.W.2d 941, 942, 121 Tex. 196, 199 (Tex. 1932); Sani
v. Powell, 153 S.W.3d 736, 742 (Tex. App.CDallas 2005, pet.
denied).  The reason for this is that the sheriff=s sole authority
to sell property in a foreclosure sale is conferred by the judgment and order. 
See Clint ISD v. Cash Inv., Inc., 970 S.W.2d 535, 538 (Tex. 1998)
(citing Mills).  When the sheriff is ordered to sell certain property,
the order gives him no authority to seize and sell any other property.  Mills,
48 S.W.2d at 942, 121 Tex. at 199.  If the sheriff exceeds his authority, as
conferred by the judgment and order, the resulting sale is void and title does
not vest in the purchaser.  Clint ISD, 970 S.W.2d at 538, 540; Mills,
48 S.W.2d at 942, 121 Tex. at 199.  Thus, even if the deed contains recitals
purporting to describe the property that was foreclosed upon and ordered sold,
the sheriff=s deed still does not constitute evidence of title
absent the judgment and order.  Sani, 153 S.W.3d at 742.  Consequently,
the sheriff could not have legally conveyed property interests that were not
foreclosed upon and ordered sold.  See Tex.
Tax Code ' 34.01(n) (providing that a deed obtained
through a foreclosure sale vests title in the purchaser Ato the interest
owned by the defendant in the property subject to the foreclosure@)[1];
Clint ISD, 970 S.W.2d at 538; Mills, 48 S.W.2d at 942, 121 Tex.
at 199; Sani, 153 S.W.3d at 742.








The key to the present case is what happened in the prior
tax foreclosure case.  There is no indication in the record that Zindle has or
is challenging the default judgment in that case.  However, although the record
contains the sheriff=s deed purporting to convey title in the
property, neither party introduced the underlying foreclosure judgment or order
of sale as summary judgment proof.  The agreed stipulation of facts between the
parties does not obviate the need for the judgment and order of sale.  Cf.
Sani, 153 S.W.3d at 741-2 (holding that deemed admissions regarding terms
of foreclosure judgment and order of sale did not eliminate need for actual
judgment and order to prove title).  While the parties agreed in the
stipulation that Alvin=s claim Ais from a Sheriff=s Deed executed
pursuant to the delinquent tax foreclosure of the surface,@ it does not
explicitly identify what was ordered sold.  Additionally, while the stipulation
suggests that at the time of the tax foreclosure the oil and gas lease was the
only known severance of mineral rights in the property, the stipulation leaves
open the question of whether the judgment of foreclosure and associated order
of sale may have themselves affected a severance of any mineral rights, such as
of the royalty interest and right of reverter.  Certainly, as the cases discussed
above establish, if the judgement of foreclosure and order of sale authorized
the sale of only the surface estate on which taxes were delinquent, the sheriff
had no authority to sell any mineral interest; if he did so, such sale would be
void.  See Clint ISD, 970 S.W.2d at 538; Mills, 48 S.W.2d at 942,
121 Tex. at 199; Sani, 153 S.W.3d at 742.  That determination, however,
cannot be made based on the record before us.  The judgment and order of sale
are essential to deciding who now owns the royalty interest and right of
reverter.  Consequently, Alvin has not presented conclusive evidence that it
has title to the property at issue.  Likewise, without the judgment and order,
Zindle cannot prove as a matter of law that Alvin does not have title to the
property.  Thus, the trial court erred in granting summary judgment favoring
Zindle, and we cannot reverse and render judgment for Alvin.

Accordingly, we reverse the trial court=s grant of summary
judgment favoring Zindle and remand for further proceedings in accordance with
this opinion.

 

/s/      Adele Hedges

Chief Justice

 

Judgment rendered
and Memorandum Opinion filed October 23, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

 









[1]  Alvin interprets section 34.01(n) to mean that the
purchaser receives title to the entire property even if the foreclosure was
only against a particular interest and not the whole.  Alvin, however, neither
cites to any authority for this interpretation nor offers an explanation as to
how the purchaser could legally be awarded more than the property interest that
was foreclosed upon.  We reject this interpretation and instead interpret the
section, consistent with the Mills and Clint ISD line of cases,
as providing that the deed vests title in the property interest that was
foreclosed upon and ordered sold and not necessarily the entire property.